FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/28/2022 5:02 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
22SC-0345-A
Abernathy-Maddox, Leslie

SUMMONS                        SC-85-1

# IN THE SUPERIOR/STATE COURT OF _____ **FORSYTH** _____ COUNTY

## STATE OF GEORGIA

SOLOMON DARDEN

4525 Hopewell Manor Drive

Cumming Georgia 30028
                                    PLAINTIFF

                    VS.

WALMART STORE EAST LP, SUPERCENTER #718!

The Corporation Company, RA 106 Colony Park Drive

Suite 800-B, Cumming, Georgia 30040
                                    DEFENDANT

CIVIL ACTION
NUMBER _____

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

        Angelik Edmonds
        Edmonds Law Office of Civil Rights LLC
        691 John Wesley Dobbs Avenue NE
        Suite V-17 Atlanta, Georgia 30312
        O: 678-404-1239

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This____28____day of _____February_____, 20__22__.

                                    Clerk of Superior/State Court
                                    /s/ Maria Lamela

                        BY_____
                                                        Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

EXHIBIT A: STATE
COURT
PLEADINGS

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/28/2022 5:02 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
22SC-0345-A
Abernathy-Maddox, Leslie

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,      )
        )
        )
    Plaintiff,     )
        )
v.        )
        )
        )    Civil Action No.
WALMART STORE EAST LP,   )
SUPERCENTER #7185     )
        )
        )
        )
        )    JURY TRIAL DEMANDED
    Defendant.    )
        )

## COMPLAINT FOR FALSE IMPROSINMENT

Plaintiff, Mr. Solomon Darden, (hereinafter "Mr. Darden" or "Plaintiff") files this action against Defendant Walmart for false imprisonment. On October 4, 2021, Mr. Darden arrived at his local Walmart to purchase groceries. After purchasing his items, Mr. Darden approached his vehicle in the Walmart parking lot to return home. Instead, Mr. Darden was detained by Forsyth County Sheriff's Office for over two hours on false allegations that he had purportedly showed his penis to an unnamed white female Walmart associate. Following the unlawful detention, Mr. Darden has suffered post-traumatic stress, injury to his reputation, night terrors, and flashbacks. Plaintiff seeks compensatory, punitive, and pecuniary damages for his unlawful detention, caused by Defendant Walmart.

## PARTIES

1.

Page **1** of **12**

Mr. Solomon Darden is an adult African American male.  At all times relevant to this action, Mr. Darden has been and continues to be a resident of Forsyth County.

2.

Walmart Store East LP Supercenter #7185 is one location of the national supermarket chain, Walmart (hereinafter "Walmart").  Walmart provides groceries, home goods, and various goods to consumers.  Store #7185 is located at 3655 Browns Bridge Road, Cumming, Georgia 30028.

## JURISDICTION AND VENUE

3.

Jurisdiction and venue are proper in this Court under the facts and circumstances set forth herein, including that Defendant owns the Property located in Forsyth County.

## FACTS AND ALLEGATIONS

4.

Mr. Darden is an African American male and a law-abiding citizen.

5.

Ms. Jane Doe is an unknown white female Walmart associate employed by Walmart Store East LP Supercenter #7185.  At all times relevant to this action, Jane Doe was acting within the scope of her employment as a Walmart Store associate.

6.

Mr. Michael Roddy is a white male who is employed as a Manager by Walmart Store East LP Supercenter #7185.  At all times relevant to this action, Mr. Roddy was acting within the scope of his employment as a Walmart Store Manager.

7.

On or about 9:00 PM on October 4, 2021, Mr. Darden arrived at Walmart Store East LP,

Supercenter #7185, located at 3655 Browns Bridge Road, Cumming, Georgia 30028 to purchase

groceries.

8.

At the time of Mr. Darden's trip to Walmart, he was wearing a light blue stone wash denim shirt,

black jeans, bright red Nike sneakers along with his heart monitor.

9.

Mr. Darden parked his vehicle and entered the store without incident.

10.

Mr. Darden selected his groceries and paid for them without incident.

11.

While Mr. Darden was grocery shopping, Ms. Doe was in the Walmart parking lot in her vehicle.

12.

Ms. Doe wrote down Mr. Darden's vehicle license plate and provided it to her manager, Mr.

Michael Roddy.

13.

Ms. Doe falsely told Mr. Roddy that a black man with Mr. Darden's license plate number had

argued with her and then exposed his penis to her in the parking lot.

14.

Immediately, Manager Roddy called 9-1-1 to report the alleged criminal activity to Forsyth

County Sheriff's Office.

15.

Upon information and belief, Manager Roddy did not complete any investigation prior to dialing 9-1-1.

16.

Upon information and belief, Manager Roddy did not review the parking lot video footage prior to dialing 9-1-1.

17.

Upon information and belief, Manager Roddy did not interview Ms. Doe prior to dialing 9-1-1.

18.

Upon information and belief, Manager Roddy did not write down the license plate number belonging to the alleged perpetrator prior to dialing 9-1-1.

19.

Upon leaving the store, Mr. Darden was immediately detained by the Forsyth County Sheriff's Office.

20.

The Forsyth County Sheriff's Office surrounded Mr. Darden and his vehicle.

21.

The Forsyth County Sheriff's Office did not have a warrant to arrest Mr. Darden.

22.

For the duration of Mr. Darden's detention, Forsyth County Sheriff's Office did not have a warrant.

23.

As Mr. Darden approached his black Denali truck, he quickly realized that it was barricaded by the Deputy's vehicle.

24.

Mr. Darden asked the Deputy to let him out because his truck had been blocked in.

25.

The Deputy told Mr. Darden, "You're who we are looking for."

26.

Mr. Darden informed the Deputy that there must have been a misunderstanding because he had

just finished his purchase in the store.

27.

Confused, Mr. Daren then asked the Deputy, "Is this a game"? Is someone playing a trick on

me"?

28.

The deputy then told Mr. Darden that they had the description of a black man in a black vehicle,

sexually harassing a woman and that he had said some vulgar things then pulled out his penis.

29.

Mr. Darden then asked to call his wife who arrived sometime later.

30.

Mr. Darden then asked about Ms. Doe's identity. The Deputy refused to provide any

corroborating information; instead, the Sheriff confirmed, "black man, black vehicle."

31.

The Deputy told Mr. Darden that Ms. Doe had taken a picture of his license plate and sent it to

the manager and the police.

32.

The Deputy told Mr. Darden that Ms. Doe alleged that he [Mr. Darden] was in a vehicle next to her, there was an argument, and he pulled his penis out and called her some names.

33.

Mr. Darden repeatedly informed the deputies that he had committed no crimes.

34.

Mr. Darden repeatedly informed the deputies that he was not the person they were looking for. In an effort to prove his innocence, Mr. Darden asked the deputies whether Ms. Doe could identify the clothing that he was wearing.

35.

Mr. Darden repeatedly asked the Deputy why he was being detained without evidence that he had committed any crimes.

36.

During this time, a crowd had gathered, and employees began recording the incident.

37.

At this time, Mr. Darden, an innocent man was being humiliated and accused of a crime he did not commit.

38.

The Deputy detained Mr. Darden and told him that he could not leave.

39.

The Deputy then presented Mr. Darden to Ms. Doe for identification, near the entrance of Walmart, approximately 30 yards from Ms. Doe.

40.

Ms. Doe was unable to identify Mr. Darden.

41.

Ms. Doe is unable to identify Mr. Darden because Mr. Darden was not the individual that exposed his penis to her.

42.

Ms. Doe is unable to identify Mr. Darden because Mr. Darden was not the individual that argued with Ms. Doe.

43.

A male bystander said to Mr. Darden, I'm sorry you're going through this, she [Ms. Doe] always does this.

44.

After Ms. Doe is unable to identify Mr. Darden, a Walmart manager comes to the scene and informs Mr. Darden that if he came back on the property, he would be criminally charged with trespassing and locked up.

45.

After two hours of their false allegations, Mr. Darden began hyperventilating; he feared that he would be unable to go home.

46.

Mr. Darden was falsely detained for more than two hours.

47.

On October 4, 2021, Mr. Darden was intentionally deprived of his personal liberty and directives given by the Forsyth County Sheriff's Office to detain and confine Mr. Darden.

48.

Mr. Darden did not voluntarily consent to the restraint or confinement from the Forsyth County Sheriff's Office.

49.

Because of the unlawful restraint and detention, Mr. Darden has suffered injury to his mental and emotional health, and personal reputation including suffering embarrassment, humiliation, mental distress, anguish, and fear.

50.

Mr. Darden had to miss work because of the mental trauma he experienced from the false imprisonment on October 4, 2021.

51.

As a result of the altercation, Mr. Darden has been psychologically scarred.

52.

Mr. Darden is currently under the treatment of a medical professional.

53.

Mr. Darden is suffering from post-traumatic stress, anxiety, and takes medication to assist the ongoing psychological impacts.

54.

Mr. Darden's remains fearful about future law enforcement encounters every day.

55.

As a result of this traumatic experience, Mr. Darden now fears for his son.

56.

In an effort to resolve this issue and clear his name, Mr. Darden and his wife called the Walmart store several times asking for the manger and the individual in charge of the cameras but received no response.

57.

On October 26, 2021, Mr. Darden received an email from the Walmart Service Portal informing him that Walmart Ethics Case WMT211007819 was open.

58.

On December 28, 2021, Mr. Darden received another email from the Walmart Service Portal informing him that his concerns were being reviewed but have yet gotten additional follow up on the case.

59.

To date, Walmart has not responded substantively to Mr. Darden's complaints.

60.

To date, Mr. Darden is prohibited from returning to Walmart.

61.

There are no pending criminal charges against Mr. Darden.

COUNT I: FALSE IMPRISONMENT

62.

All of the foregoing allegations are repeated and realleged as though fully set forth herein.

63.

Mr. Darden deprived of his personal liberty without lawful basis on October 4, 2021 when Forsyth County deputies approached him, questioned, and prohibited him from leaving for over two hours.

64.

Defendant Walmart was the actual and proximate cause of Mr. Darden's unlawful detention because they set forth the series of actions that led to his detention and arrest by Forsyth County Sheriff's Office.

65.

But for Walmart's false call, Mr. Darden would not have been detained.

66.

Defendant Walmart, by and through their employees, caused and directed the detention of Mr. Darden via Forsyth County Sheriff's Office without a warrant.

67.

Defendant Walmart lacked justification to call the 9-1-1 and Forsyth County Sheriff's Office.

68.

Upon information and belief, Defendant Walmart, by and through their employees, called 9-1-1 on a "black man in a black vehicle" without a basis to believe that Mr. Darden committed any crimes.

69.

Upon information and belief, Defendant Walmart, by and through their employees, called 9-1-1 on a "black man in a black vehicle" and randomly selected Mr. Darden's vehicle license plate number to report to law enforcement for malicious reasons.

70.

Upon information and belief, Defendant Walmart, by and through their employees, called 9-1-1 on a "black man in a black vehicle" based on stereotypical associations between blackness and criminality.

71.

No exigent circumstances existed at the time of Mr. Darden's detention.

72.

Based on all the facts incorporated herein, Mr. Darden has demonstrated that Defendant Walmart has caused Plaintiff's false imprisonment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks this Court to:

a)   Award judgment in his favor and against Defendant

b)   Award Plaintiff compensatory and punitive damages

c)   Award Plaintiff pain and suffering damages

d)   Award Plaintiff attorney's fees pursuant to § 13-6-11

e)   Award Plaintiff court costs and other accumulating costs

f)   Grant such other and further relief as the Court deems just and proper.

DATE: February 28, 2022

Respectfully submitted,

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Mr. Solomon Darden
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
691 John Wesley Dobbs Avenue NE
Suite V-17 Atlanta, Georgia 30312
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/28/2022 5:02 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
22SC-0345-A
Abernathy-Maddox, Leslie

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SOLOMON DARDEN, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Civil Action No. |
| WALMART STORE EAST LP, | ) | |
| SUPERCENTER #7185 | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT**

GENERAL INSTRUCTIONS AND APPLICABLE DEFINITIONS

A) Please produce all requested documents electronically via email to
angie@aedmondslaw.com and admin@aedmondslaw.com or if the amount of data to be
produced exceeds 25 MB, contact the undersigned for access to upload documents via
Google Drive. Plaintiff is requesting any and all data, electronically stored information,
or tangible materials within the Defendants' control, to include their agents,
representatives, business affiliates, contractors, or other designated individual or
company with relevant and/or responsive information.

B) Terms in the singular include the plural, and terms in the plural include the singular.
Terms in the masculine gender include the feminine, and terms in the feminine gender
include the masculine. The past verb tense includes the present verb tense, and the
present verb tense includes the past tense.

C) "Subject Property" shall refer to Walmart Store East, LP Supercenter # 7185 located at
3655 Browns Bridge Road, Cumming, Georgia 30028.

D) Plaintiff shall refer to Solomon Darden.

E) If you object to any of these requests, the grounds for such objection must be specifically stated.

F) "Defendant" refers to Walmart Store East, LP, Supercenter #7185, located at 3655 Browns Bridge Road, Cumming, Georgia 30028. Defendant includes employees, agents, contractors, or assigns acting on behalf of or at the request of Defendant.

G) Jane Doe refers to the individual woman who alleged that Plaintiff exposed himself to her. She is referred to as "Jane Doe" throughout the Complaint.

H) If you object to or fail to answer any interrogatory or document request on the grounds that either the attorney-client privilege or the work-product doctrine, or both, or any other claim of privilege applies, then as to such discovery request(s), describe the nature of the documents, communications or things not produced or disclosed in a manner that will enable the Plaintiff to assess the applicability of the privilege or protection.

I) Pursuant to O.C.G.A. 9-11-33 and 9-11-34, Defendant responses are due within 30 days.

## REQUESTS FOR PRODUCTION AND NOTICE TO PRODUCE

1) Any and all policies and procedures in effect from January 1, 2021 – October 4, 2021, for handling sexual assault allegations or investigations occurring at the subject property.

2) Any and all records, in whatever format, relied on by the Defendant to support any defense or anticipated defense in this action, including a list of witnesses and their contact information (address, phone number, and email address).

3) Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 between Plaintiff and Defendant employees.

4) Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 showing Jane Doe's whereabouts.

5) Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 between Defendant employees and Forsyth County Sheriff's Office.

6) Produce a copy of the image or document which contains Plaintiff's vehicle license plate taken by Jane Doe on October 4, 2021.

7) Provide a copy of the receipt for the groceries purchased by Plaintiff at the subject property on October 4, 2021.

8)  The entire work file for the Walmart employee referred to as "Jane Doe", who reported the incident (this should include all sexual allegations or sexual complaints made by Jane Doe while employed at Walmart, as well as any sexually-based[1] complaints made against her).

9)  Any and all records of calls placed by Defendant, including its agents, assigns, and employees, to Forsyth County Sheriff's Office regarding sexual assault or lewd behavior occurring on the property between January 1, 2021, to October 4, 2021.

10) Any and all policies and procedures for banning a shopper from the subject property.

11) Provide a copy of the vehicle registration for Jane Doe's vehicle that she owned or drove to the subject premises on October 4, 2021.

12) Provide a copy of the vehicle registration for the vehicle that Jane Doe was sitting in at the time of the alleged sexual assault on the subject premises on October 4, 2021.

13) Any and all policies related to video retention policies in effect on October 4, 2021.

14) Any and all records related Walmart Ethics Case Number WMT211007819 including audio recordings, notes, or tangible documents.


## INTERROGATORIES


Please answer the following numbered interrogatories, separately and completely in writing. Please provide your answers on a separate sheet, identifying each interrogatory by number. Do not forget to respond to the entire question, many of which include sub-parts.

If there are any ambiguities in the following interrogatories, please contact the undersigned for clarification. To the extent any facts are unknown or unavailable, please respond to the interrogatory to the best of your ability including facts within the Defendants' knowledge, estimates, approximations, or beliefs that are considered reliable. Any such estimates, approximations, or beliefs should be noted, and the bases for said belief in their reliability should be explained.


1)  Identify by name, position, last known address, telephone numbers, and e-mail addresses, all Defendant's employees, agents, assigns, contractors, or designees, current or former, that have information related to Plaintiff's incident on October 4, 2021.

2)  Identify the owner of the subject property on October 4, 2021.

---

[1] Sexually based in this context refers to any interactions or alleged interactions alleging sexual harassment and/or unwanted sexual advances.

3) Identify the person or persons, including agents, employees, or assigns who made the initial complaint against Plaintiff.

    a.  Identify their title and employment status as of October 4, 2021.

4) Identify the person or persons, including agents, employees, or assigns who made the call to Forsyth County Sheriff's Office.
    a.  Identify their title and employment status as of October 4, 2021.

5) Identify the number of times between January 1, 2021 to October 4, 2021 that Defendant employees at the subject property had to call Forsyth County Sheriff's Office for alleged sexual assault or lewd behavior.

6) Identify the number of sexual assault allegations or complaints for lewd conduct that have been made by "Jane Doe" during the course of her employment.

7) Identify each and every action taken by Defendant, including those by its employees, agents, or assigns taken on October 4, 2021, following the report from Jane Doe of a sexual assault.

    a.  Include name, title, and substance of the actions taken in chronological order

8) Is there video footage of the parking lot from October 4, 2021 at the subject property. If so, produce the footage in response to Request For Production of Document No. 3.

9) Is there video footage of inside the subject property on October 4, 2021 showing Plaintiff, Jane Doe, Michael Roddy, or the Forsyth County Sheriff's Office. If so, produce the footage in response to Request For Production of Document No. 3.

10) Identify and explain with specificity the policies and protocols at Walmart in effect on January 1, 2021, to October 4, 2021, including but not limited to:
    a.  The process for reporting sexual assault allegations.
    b.  Identify the person or persons, and titles, involved in enforcing the policy and the actions taken to remediate.
    c.  Identify the polices in place to ensure the right perpetrator has been identified in order to prevent cases of mistaken identity.

11) Identify with specificity the steps that Defendant including those by its employees, agents, or assigns takes when investigating and interviewing witnesses or victims of alleged crimes occurring on the subject property, in effect on October 4, 2021.

12) Identify with specificity the steps that Defendant including those by its employees, agents, or assigns take to ensure they have assessed the accuracy of their witness statement, in effect on October 4, 2021.

13) Identify with specificity the steps that Defendant including those by its employees, agents, or assigns, takes in order to ensure they have identified the right suspect, in effect on October 4, 2021.

14) Explain with specificity any and all reasons which explain why Jane Doe reported allegations of sexual assault on October 4, 2021.

   a.  Include the relevant timeline of events
   b.  Include where Jane Doe was at the time of the alleged assault, including the make and model of the vehicle she was sitting in at the time
   c.  Identify where Ms. Doe was located within the subject property parking lot, including proximity to the alleged perpetrator's vehicle
   d.  Provide in chronological order, the steps taken by Jane Doe after the alleged sexual assault
   e.  Provide specific details about any conversation between Jane Doe and the alleged perpetrator on October 4, 2021

15) Explain with specificity why Plaintiff was banned from the subject property.

16) Explain with specificity any and all reasons Mr. Michael Roddy called the Forsyth County Sheriff's Office on October 4, 2021 to report an alleged sexual assault.

   a.  Provide any and all tangible evidence which supports your response to Question No. 16.

DATE: February 28, 2022

Respectfully submitted,

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Mr. Solomon Darden
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
691 John Wesley Dobbs Avenue NE
Suite V-17 Atlanta, Georgia 30312
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**
**Judge Leslie Abernathy-Maddox**
**APR 06, 2022 04:51 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                                  Civil Action File No.
                                                 22SC-0345-A
            Plaintiff,

v.

WALMART STORE EAST LP, SUPERCENTER #7185,

            Defendant.
_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP (incorrectly spelled in the caption), and makes this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Any claims asserted by Plaintiff for or the assessment of punitive damages in this action violate the applicable provisions of the Constitutions of the United States and the Constitution of the State of Georgia.

## THIRD DEFENSE

Defendant is not liable for the acts, judgments or conduct of any duly authorized governmental officers, police officials or agents of the police, magistrates, judges, government prosecutors, or other authorized law enforcement or other governmental authorities with regard to the actions which are the subject of Plaintiff's complaint.

Page 1

## FOURTH DEFENSE

Defendant asserts the defenses of privilege and immunity.

## FIFTH DEFENSE

As a matter of law, Defendant has no liability for the independent actions of any city/county police officer and/or governmental official.

## SIXTH DEFENSE

Defendant is not liable for the conduct, acts or wrongdoing for other persons or entities over which Defendant exercises no control which have caused or contributed to the claims and alleged damages to Plaintiff and to whom liability may be and should be apportioned as provided by applicable law.

## SEVENTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## EIGHTH DEFENSE

Plaintiffs claim for punitive damages is barred as a matter of law.

## NINTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law.   (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1).   Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set

Page 2

standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof.    These defects in the statutes, <u>inter alia</u>, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

<u>TENTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines.   (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2).   Specifically, said statutes <u>inter alia</u>, fail to define or provide advance notice of the prohibited behavior with reasonably clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases;   and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

## ELEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine.   (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

## TWELFTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of Defendant, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct.   See BMW of North America, Inc. v. Gore, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996); and Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

## THIRTEENTH DEFENSE

Defendant denies the unnumbered introductory paragraph of Plaintiff's Complaint.

## FOURTEENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint at this time as stated.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint as stated.

16.

Defendant admits the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint as stated.

18.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

Page 6

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendant lacks sufficient knowledge and information to either admit or deny the

allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37.

Defendant denies the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38.

Defendant denies the allegations contained in paragraph 38 of the Plaintiff's Complaint.

39.

Defendant denies the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40.

Defendant denies the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41.

Defendant denies the allegations contained in paragraph 41 of the Plaintiff's Complaint.

42.

Defendant denies the allegations contained in paragraph 42 of the Plaintiff's Complaint.

43.

Defendant denies the allegations contained in paragraph 43 of the Plaintiff's Complaint.

44.

Defendant admits that Mr. Darden was given a trespass warning, but, otherwise, denies the allegations contained in paragraph 44 of the Plaintiff's Complaint.

Page 9

45.

Defendant denies the allegations contained in paragraph 45 of the Plaintiff's Complaint.

46.

Defendant denies the allegations contained in paragraph 46 of the Plaintiff's Complaint.

47.

Defendant denies the allegations contained in paragraph 47 of the Plaintiff's Complaint.

48.

Defendant denies the allegations contained in paragraph 48 of the Plaintiff's Complaint.

49.

Defendant denies the allegations contained in paragraph 49 of the Plaintiff's Complaint.

50

Defendant denies the allegations contained in paragraph 50 of the Plaintiff's Complaint.

51.

Defendant denies the allegations contained in paragraph 51 of the Plaintiff's Complaint.

52.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 52 of the Plaintiff's Complaint.

53.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 53 of the Plaintiff's Complaint.

54.

Defendant lacks sufficient knowledge and information to either admit or deny the

Page 10

allegations contained in paragraph 54 of the Plaintiff's Complaint.

55.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 55 of the Plaintiff's Complaint.

56.

Defendant denies the allegations contained in paragraph 56 of the Plaintiff's Complaint.

57.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 57 of the Plaintiff's Complaint.

58.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 58 of the Plaintiff's Complaint.

59.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 59 of the Plaintiff's Complaint.

60.

Defendant admits the allegations contained in paragraph 60 of the Plaintiff's Complaint.

61.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 61 of the Plaintiff's Complaint.

62.

All of the foregoing answers are repeated and realleged as though fully set forth herein.

Page 11

63.

Defendant denies the allegations contained in paragraph 63 of the Plaintiff's Complaint.

64.

Defendant denies the allegations contained in paragraph 64 of the Plaintiff's Complaint.

65.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 65 of the Plaintiff's Complaint.

66.

Defendant denies the allegations contained in paragraph 66 of the Plaintiff's Complaint.

67.

Defendant denies the allegations contained in paragraph 67 of the Plaintiff's Complaint.

68.

Defendant denies the allegations contained in paragraph 68 of the Plaintiff's Complaint.

69.

Defendant denies the allegations contained in paragraph 69 of the Plaintiff's Complaint.

70.

Defendant denies the allegations contained in paragraph 70 of the Plaintiff's Complaint.

71.

Defendant denies the allegations contained in paragraph 71 of the Plaintiff's Complaint.

72.

Defendant denies the allegations contained in paragraph 72 of the Plaintiff's Complaint.

73.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

74.

Defendant denies Plaintiff's prayer for relief, including subparagraphs a), b), c), d), e), and f) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.   DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/    Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA   30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

Page  13

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT has this day been filed and served upon opposing counsel via Peach Court E-File.

This the <u>6th</u> day of April, 2022.

McLAIN & MERRITT, P.C.


<u>/s/    Nicholas E. Deeb</u>
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA   30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

Page  14

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**
**Judge Leslie Abernathy-Maddox**
APR 06, 2022 04:51 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                                    Civil Action File No.
                                                   22SC-0345-A
            Plaintiff,

v.

WALMART STORE EAST LP, SUPERCENTER #7185,

            Defendant.
_____/

### **12-PERSON JURY DEMAND**

COMES NOW Defendant, WALMART STORE EAST, LP, SUPERCENTER

#7185, incorrectly named, the proper name being WAL-MART STORES EAST, LP

and demands a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.


 /s/   Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the <u>6th</u> day of April, 2022.

McLAIN & MERRITT, P.C.


<u>/s/   Nicholas E. Deeb</u>
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**

**Judge Leslie Abernathy-Maddox**
**APR 06, 2022 04:51 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                              Civil Action File No.
                                            22SC-0345-A
          Plaintiff,

v.

WALMART STORE EAST LP, SUPERCENTER #7185,

          Defendant.
_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1) REQUEST FOR ADMISSIONS TO PLAINTIFF

2) INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

McLAIN & MERRITT, P.C.


/s/   Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the <u>6th</u> day of April, 2022.

McLAIN & MERRITT, P.C.


<u>/s/   Nicholas E. Deeb</u>
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**22SC-0345-A**
**Judge Leslie Abernathy-Maddox**
APR 06, 2022 04:51 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                                  Civil Action File No.
                                                 22SC-0345-A
            Plaintiff,

v.

WALMART STORE EAST LP, SUPERCENTER #7185,

            Defendant.

_____/

## NOTICE OF TAKING DEPOSITION

YOU ARE HEREBY notified that beginning on the 13th day of June, 2022,

commencing at 11:00 a.m., at the offices of Edmonds Law Office of Civil Rights LLC,

691 John Wesley Dobbs Avenue NE, Suite V-17, Atlanta, GA, the deposition will be

taken of Solomon Darden.  Said deposition will be taken for purposes of discovery

and all other purposes provided by law before an officer duly authorized to

administer oaths.  The deposition shall continue from day-to-day until completion.

This deposition will also be videotaped by a videographer.

                              McLAIN & MERRITT, P.C.


                               /s/   Nicholas E. Deeb
                              Nicholas E. Deeb
                              Georgia Bar No. 117025
                              Attorneys for Defendant


3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing NOTICE OF TAKING

DEPOSITION has this day been filed and served upon opposing counsel via Peach

Court E-File.

This the <u>6th</u> day of April, 2022.

McLAIN & MERRITT, P.C.


<u>/s/   Nicholas E. Deeb</u>
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

⏚ **EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**

**Judge Leslie Abernathy-Maddox**
APR 06, 2022 04:51 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                                    Civil Action File No.

       Plaintiff,                                    22SC-0345-A

v.

WALMART STORE EAST LP, SUPERCENTER #7185,

       Defendant.

_____/

<u>NOTICE OF TAKING DEPOSITION OF TOWANDA DARDEN</u>

YOU ARE HEREBY notified that beginning on the 13th day of June, 2022,

commencing at 3:00 p.m., at the offices of Edmonds Law Office of Civil Rights LLC,

691 John Wesley Dobbs Avenue NE, Suite V-17, Atlanta, GA, the deposition will be

taken of Towanda Darden.  Said deposition will be taken for purposes of discovery

and all other purposes provided by law before an officer duly authorized to

administer oaths.  The deposition shall continue from day-to-day until completion.

This deposition will also be videotaped by a videographer.

McLAIN & MERRITT, P.C.


 /s/   Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant


3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing NOTICE OF TAKING

DEPOSITION OF TOWANDA DARDEN has this day been filed and served upon

opposing counsel via Peach Court E-File.

This the <u>6th</u> day of April, 2022.

McLAIN & MERRITT, P.C.


<u>/s/   Nicholas E. Deeb</u>
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SOLOMON DARDEN, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Civil Action No. 22SC-0345-A |
| WALMART STORE EAST LP, | ) | |
| SUPERCENTER #7185 | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |
| | ) | |

## **PLAINTIFF'S MOTION FOR AN IN-CAMERA INSPECTION**
## **OF PROTECTED RECORDS**

COMES NOW Plaintiff Solomon Darden and files this Motion for an in-Camera Inspection of
Protected Records pursuant to O.C.G.A § 49-5-41(11).  Plaintiff alleges as follows:

### ARGUMENT

On February 28, 2022, Mr. Darden filed this action against Walmart for false imprisonment
arising from an October 4, 2021 incident whereby he was falsely accused and detained in the
Walmart parking lot for allegedly exposing his penis to a minor Walmart associate.  There are no
pending criminal charges against Mr. Darden.  Mr. Darden's claim is one for false imprisonment,
requiring him to prove that the detention was unlawful, and that Walmart caused said unlawful
detention.  The purported victim in this case is a 17-year-old Walmart associate.  As such, the
records are considered restricted records within the meaning of OCGA § 49-5-40 because this
case involves the crime of child abuse.  Mr. Darden is seeking access to the protected records
from Forsyth County Sheriff's Office, to include the records, bodycam footage, and other
tangible evidence of the false imprisonment that occurred on October 4, 2021.  See, attached

Exhibit A: Plaintiff's Subpoena to Forsyth County Sheriff's Office.  Mr. Darden is also seeking the records from 2 other incidents of lewd behavior that occurred at the subject Walmart in May 2021 and November 2021; both of these incidents allege similar facts of an unknown male exposing his penis to a minor on the subject premises.  As part of Plaintiff's case-in-chief, Mr. Darden believes that one of the individuals from the May or November 2021 incident may be the actual perpetrator and support potential claims of a pattern and practice of Walmart intentionally calling, dispatching, and reporting of Mr. Darden to Forsyth County Sheriff's Office without legal basis.  If proven, these facts would support Mr. Darden's claims for liability and damages, including exemplary damages.

WHEREFORE, Plaintiff requests that this Court grant his Motion for In-Camera inspection of the records requested in the subpoena attached hereto as Exhibit A.  If the Court finds that the access to such records appears reasonably calculated to lead to the discovery of admissible evidence, Mr. Darden requests that the Court require the production of the documents as soon as reasonably practicable and grant the proposed order attached hereto.

DATE: April 16, 2022

Respectfully submitted,

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Mr. Solomon Darden
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
691 John Wesley Dobbs Avenue NE
Suite V-17 Atlanta, Georgia 30312
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**
**Judge Leslie Abernathy-Maddox**
**MAY 01, 2022 10:19 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                                    Civil Action File No.
                                                  22SC-0345-A
                    Plaintiff,

v.

WALMART STORE EAST LP,
SUPERCENTER #7185,

                    Defendant.
_____/

## CONSENT PROTECTIVE ORDER

By agreement of the parties, and for good cause, the Court finds that a protective order should be entered pursuant to OCGA § 9-11-26 and § 10-1-761(4) for the purpose of protecting commercial and confidential information and trade secrets of Defendant Wal-Mart Stores East, L.P. (hereinafter "Defendant") and of all other Wal-Mart entities, as well as for the protection of sensitive, confidential, and protected general and mental health records of Plaintiff (hereinafter "Plaintiff). "Parties" shall refer to both the Plaintiff and the Defendant in this Action.

1.

This protective order shall apply to documents and to other things marked "CONFIDENTIAL" by the Parties prior to production in this matter, as well as to the testimony of the Parties' witnesses and/or corporate representative(s) concerning same.

Page 1

2.

All such documents, things, and testimony produced by the Parties pursuant to paragraph 1 above shall be used only in the course of the above-captioned proceedings.  All such documents, things, and testimony produced by the Parties pursuant to paragraph 1 shall not be used, or provided for use, in any other litigation or proceedings; and shall not be published (orally, electronically, or by any other means) to any person, except as designated herein.

3.

Any counsel of record in this action may disclose protected materials and information to their employees to whom it is necessary that the material be disclosed for purposes of this litigation. The counsel making such a disclosure must ensure that the individual has read a copy of this Protective Order and agrees to be bound by its provisions.

4.

Before receiving access to any materials or information within the scope of this Order, any person not employed by a party or its counsel shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto.  All parties and their respective counsel who permit access to Protected Documents to such a person shall retain each such executed "Written Assurance" and shall keep a

list identifying all persons described in this paragraph to whom protected

documents have been disclosed.

5.

Any party contesting whether or not a document or thing should be marked

"CONFIDENTIAL" will notify the opposing party, via its counsel, in writing and

specifically identify which document he/she contends should not be marked

"CONFIDENTIAL."  The parties then will have seven (7) business days after

receipt of the aforementioned notification to resolve the dispute without Court

intervention. If the parties are not able to resolve the dispute within seven (7)

business days, the party contesting the "CONFIDENTIAL" designation shall

submit the document or thing, under seal, to the Court for an in-camera inspection

and final decision as to whether or not the document should remain

"CONFIDENTIAL."

6.

Each party agrees that before filing with the Clerk of Court any paper

(including, without limitation, an affidavit, memorandum, or motion) that

discloses, directly or indirectly, all or part of any document or thing described in

paragraph 1 above, such paper shall be filed under seal pursuant to the procedures

set forth in Uniform State Court Rule 21.6(D), and labeled "CONFIDENTIAL."

7.

Upon conclusion of this action, counsel for each party who has received documents and materials described in paragraph 1 shall be responsible for ensuring that the original and all copies made are stored in a manner that ensures their continued protection pursuant to this Order, until such time as the original and all copies made have been destroyed or returned to the Party's counsel.

8.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been communicated or disclosed pursuant to this Order or to any other order of this Court.

9.

If any violation of this Order occurs, the parties agree that the party alleging a violation shall notify the offending party and allow a good faith opportunity to resolve the dispute before seeking relief from this Court.  It is understood that if this Court finds that any person has knowingly violated this Protective Order, the

Court may determine the penalties to be paid to the appropriate party, including

any attorneys' fees or expenses associated with the prosecution of said violation,

and any other sanctions that the Court finds appropriate under the circumstances.

SO ORDERED this 28th day of _____April_____, 2021.


_____
Honorable Leslie Abernathy-Maddox
Judge, State Court of Forsyth County


Consented to by:

| | |
|---|---|
| Edmonds Law Office of Civil Rights, LLC | McLain & Merritt, P.C. |
| /s/ Angelik Edmonds | /s/ Nicholas E. Deeb____ |
| (by express permission NED) | Nicholas E. Deeb |
| Angelik Edmonds | Georgia Bar No. 117025 |
| Georgia Bar No. 650757 | Attorney for Defendant |
| 691 John Wesley Dobbs Avenue NE | 3445 Peachtree Road, N.E. |
| Suite V-17 | Suite 500 |
| Atlanta, GA 30312 | Atlanta, GA 30326-3240 |
| angie@aedmondslaw.com | 404.365.4535 |
| | ndeeb@mmatllaw.com |

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,

          Plaintiff,

v.

WALMART STORE EAST LP,
SUPERCENTER #7185,

          Defendant.

_____/

Civil Action File No.
22SC-0345-A

## EXHIBIT "A" -- WRITTEN ASSURANCE

AFFIDAVIT OF _____

(printed name), being duly sworn and personally appearing before the undersigned

attesting officer, duly authorized by law to administer oaths, deposes and says that

the within statements are true and correct:

1.

I have read the Consent Protective Order attached hereto and I understand its

terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the State

Court of Forsyth County, Georgia, in which the above-styled matter is pending,

and binds me to the provisions of the Consent Protective Order, including to all

1

promises undertaken in the Order, as if originally agreed to by me.

FURTHER AFFIANT SAYETH NOT.

This _____ day of _____, 20_____.

Signature: _____

_____ County

State of

SUBSCRIBED AND SWORN to before me

this _____ day of _____, 20_____.

_____
NOTARY PUBLIC
My Commission Expires:

2

⛭ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**
**Judge Leslie Abernathy-Maddox**
**MAY 06, 2022 03:02 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SOLOMON DARDEN, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) Civil Action No. 22SC-0345-A |
| WALMART STORE EAST LP, | ) |
| SUPERCENTER #7185 | ) |
| | ) |
| | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY
PURSUANT TO O.C.G.A § 9-11-37**

COMES NOW Plaintiff Mr. Solomon Darden, by and through his undersigned counsel,

to respectfully move this Court for an order granting his Motion to Compel Discovery Pursuant

to O.C.G.A § 9-11-37.  Mr. Darden further states as follows:

On February 28, 2022, Mr. Darden filed this case against Defendant Walmart for false

imprisonment.  Contemporaneously, with service of the summons and complaint, Plaintiff served

Requests for Production of Documents and Interrogatories.  Pursuant to OCGA 9-11-33(a)(2)

and OCGA 9-11-34(b)(2), Defendant's answers to Plaintiff's discovery requests were due on

April 21, 2022, or 45 days after service. See Exhibit 1: Plaintiff's Discovery Requests.

On April 21, 2022, Defendant's served Plaintiff with incomplete discovery responses.

Defendant refused to produce responses to Plaintiff's requests (Interrogatory No. 10,

Interrogatory 11, RPD No. 1, RPD 10, and RPD 13) because the joint protective order had not yet been signed by the Court.  However, on May 2, 2022, the Court granted the Parties' joint motion for a protective order.  Still, Defendant has failed to produce the responsive discovery material.  Defendant has also provided incomplete discovery responses for requests, notwithstanding the protective order objection including: Interrogatory No. 1, RPD No. 8, and RPD No. 14.  Specifically, Defendant has failed to provide contact information for the alleged victim "Jane Doe" in these proceedings.  See Exhibit 2: Defendant's Discovery Responses. Notably, without this information, Mr. Darden cannot gather information to support his case-in-chief, including investigating allegations that the minor has made similar false allegations against black men; whether Jane Doe was physically able to see Mr. Darden from her vehicle; and the contact information for the former Walmart associate who has first-hand personal knowledge of the October 4, 2021 incident.  Because Walmart has refused to provide this information, Mr. Darden must subpoena Jane Doe directly, a subpoena is an impossibility unless and until Walmart produces the victim's name and contact information.  Additionally, Walmart has no legitimate basis to deny Plaintiff access to a former associate's contact information.  Based on the sophisticated nature of electronic employment databases, this information is likely readily available via a simple search of Walmart's systems.

Walmart has scheduled depositions for the Plaintiff and his wife in mid-June 2022. Plaintiff needs to review the requested discovery materials well in advance of the depositions for preparation and investigation.  On April 27, 2022, Plaintiff's counsel sent Walmart an email detailing the production deficiencies and requesting supplementation. Thus, Mr. Darden has made a good faith attempt to resolve this discovery dispute pursuant to Georgia S.C.R. 6.4.  See, Exhibit 3: Plaintiff's 6.4 Email.  To date, over two weeks passed the original deadline, Plaintiff

has not received Defendant's responses.  Defendant has failed to offer ***any*** reason, much less good cause, for the delay in discovery production.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests an Order from this Honorable Court compelling Defendant to fully respond to Plaintiff's First Discovery Requests and an order awarding attorney fees to Plaintiff.

This 6th day of May 2022.

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Plaintiff
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
135 Auburn Avenue
Suite #B Atlanta, Georgia 30303
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                        )
                                       )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )
                                       )
                                       )        Civil Action No. 22SC-0345-A
WALMART STORE EAST LP,                 )
SUPERCENTER #7185                      )
                                       )
                                       )
                                       )
                                       )        JURY TRIAL DEMANDED
        Defendant.                     )
                                       )
_____)

**CERTIFICATE OF COMPLIANCE WITH GA. S. C. R. 6.4**

Mr. Darden, by and through his undersigned counsel, files this statement herewith his

Motion to Compel Discovery.  Counsel for Plaintiff certifies that she made a good faith effort to

resolve the discovery dispute prior to the filing of this motion.  Counsel further states that her

efforts to resolve the raised discovery issues have failed.

This 6th day of May 2022.

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Plaintiff
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
135 Auburn Avenue
Suite #B Atlanta, Georgia 30303
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com

# EXHIBIT 1

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/28/2022 5:02 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
22SC-0345-A
Abernathy-Maddox, Leslie

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SOLOMON DARDEN, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Civil Action No. |
| WALMART STORE EAST LP, | ) | |
| SUPERCENTER #7185 | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |
| | ) | |

## **PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT**

GENERAL INSTRUCTIONS AND APPLICABLE DEFINITIONS

A) Please produce all requested documents electronically via email to angie@aedmondslaw.com and admin@aedmondslaw.com or if the amount of data to be produced exceeds 25 MB, contact the undersigned for access to upload documents via Google Drive. Plaintiff is requesting any and all data, electronically stored information, or tangible materials within the Defendants' control, to include their agents, representatives, business affiliates, contractors, or other designated individual or company with relevant and/or responsive information.

B) Terms in the singular include the plural, and terms in the plural include the singular. Terms in the masculine gender include the feminine, and terms in the feminine gender include the masculine. The past verb tense includes the present verb tense, and the present verb tense includes the past tense.

C) "Subject Property" shall refer to Walmart Store East, LP Supercenter # 7185 located at 3655 Browns Bridge Road, Cumming, Georgia 30028.

D) Plaintiff shall refer to Solomon Darden.

E) If you object to any of these requests, the grounds for such objection must be specifically stated.

F) "Defendant" refers to Walmart Store East, LP, Supercenter #7185, located at 3655 Browns Bridge Road, Cumming, Georgia 30028.  Defendant includes employees, agents, contractors, or assigns acting on behalf of or at the request of Defendant.

G) Jane Doe refers to the individual woman who alleged that Plaintiff exposed himself to her.  She is referred to as "Jane Doe" throughout the Complaint.

H) If you object to or fail to answer any interrogatory or document request on the grounds that either the attorney-client privilege or the work-product doctrine, or both, or any other claim of privilege applies, then as to such discovery request(s), describe the nature of the documents, communications or things not produced or disclosed in a manner that will enable the Plaintiff to assess the applicability of the privilege or protection.

I) Pursuant to O.C.G.A. 9-11-33 and 9-11-34, Defendant responses are due within 30 days.

<u>REQUESTS FOR PRODUCTION AND NOTICE TO PRODUCE</u>

1) Any and all policies and procedures in effect from January 1, 2021 – October 4, 2021, for handling sexual assault allegations or investigations occurring at the subject property.

2) Any and all records, in whatever format, relied on by the Defendant to support any defense or anticipated defense in this action, including a list of witnesses and their contact information (address, phone number, and email address).

3) Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 between Plaintiff and Defendant employees.

4) Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 showing Jane Doe's whereabouts.

5) Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 between Defendant employees and Forsyth County Sheriff's Office.

6) Produce a copy of the image or document which contains Plaintiff's vehicle license plate taken by Jane Doe on October 4, 2021.

7) Provide a copy of the receipt for the groceries purchased by Plaintiff at the subject property on October 4, 2021.

8) The entire work file for the Walmart employee referred to as "Jane Doe", who reported the incident (this should include all sexual allegations or sexual complaints made by Jane Doe while employed at Walmart, as well as any sexually-based[1] complaints made against her).

9) Any and all records of calls placed by Defendant, including its agents, assigns, and employees, to Forsyth County Sheriff's Office regarding sexual assault or lewd behavior occurring on the property between January 1, 2021, to October 4, 2021.

10) Any and all policies and procedures for banning a shopper from the subject property.

11) Provide a copy of the vehicle registration for Jane Doe's vehicle that she owned or drove to the subject premises on October 4, 2021.

12) Provide a copy of the vehicle registration for the vehicle that Jane Doe was sitting in at the time of the alleged sexual assault on the subject premises on October 4, 2021.

13) Any and all policies related to video retention policies in effect on October 4, 2021.

14) Any and all records related Walmart Ethics Case Number WMT211007819 including audio recordings, notes, or tangible documents.


## INTERROGATORIES


Please answer the following numbered interrogatories, separately and completely in writing. Please provide your answers on a separate sheet, identifying each interrogatory by number. Do not forget to respond to the entire question, many of which include sub-parts.

If there are any ambiguities in the following interrogatories, please contact the undersigned for clarification. To the extent any facts are unknown or unavailable, please respond to the interrogatory to the best of your ability including facts within the Defendants' knowledge, estimates, approximations, or beliefs that are considered reliable. Any such estimates, approximations, or beliefs should be noted, and the bases for said belief in their reliability should be explained.


1) Identify by name, position, last known address, telephone numbers, and e-mail addresses, all Defendant's employees, agents, assigns, contractors, or designees, current or former, that have information related to Plaintiff's incident on October 4, 2021.

2) Identify the owner of the subject property on October 4, 2021.

---

[1] Sexually based in this context refers to any interactions or alleged interactions alleging sexual harassment and/or unwanted sexual advances.

3) Identify the person or persons, including agents, employees, or assigns who made the initial complaint against Plaintiff.

    a.  Identify their title and employment status as of October 4, 2021.

4) Identify the person or persons, including agents, employees, or assigns who made the call to Forsyth County Sheriff's Office.
    a.  Identify their title and employment status as of October 4, 2021.

5) Identify the number of times between January 1, 2021 to October 4, 2021 that Defendant employees at the subject property had to call Forsyth County Sheriff's Office for alleged sexual assault or lewd behavior.

6) Identify the number of sexual assault allegations or complaints for lewd conduct that have been made by "Jane Doe" during the course of her employment.

7) Identify each and every action taken by Defendant, including those by its employees, agents, or assigns taken on October 4, 2021, following the report from Jane Doe of a sexual assault.

    a.  Include name, title, and substance of the actions taken in chronological order

8)  Is there video footage of the parking lot from October 4, 2021 at the subject property.  If so, produce the footage in response to Request For Production of Document No. 3.
9) Is there video footage of inside the subject property on October 4, 2021 showing Plaintiff, Jane Doe, Michael Roddy, or the Forsyth County Sheriff's Office.  If so, produce the footage in response to Request For Production of Document No. 3.

10) Identify and explain with specificity the policies and protocols at Walmart in effect on January 1, 2021, to October 4, 2021, including but not limited to:
    a.  The process for reporting sexual assault allegations.
    b.  Identify the person or persons, and titles, involved in enforcing the policy and the actions taken to remediate.
    c.  Identify the polices in place to ensure the right perpetrator has been identified in order to prevent cases of mistaken identity.

11) Identify with specificity the steps that Defendant including those by its employees, agents, or assigns takes when investigating and interviewing witnesses or victims of alleged crimes occurring on the subject property, in effect on October 4, 2021.

12) Identify with specificity the steps that Defendant including those by its employees, agents, or assigns take to ensure they have assessed the accuracy of their witness statement, in effect on October 4, 2021.

13) Identify with specificity the steps that Defendant including those by its employees, agents, or assigns, takes in order to ensure they have identified the right suspect, in effect on October 4, 2021.

14) Explain with specificity any and all reasons which explain why Jane Doe reported allegations of sexual assault on October 4, 2021.

   a. Include the relevant timeline of events
   b. Include where Jane Doe was at the time of the alleged assault, including the make and model of the vehicle she was sitting in at the time
   c. Identify where Ms. Doe was located within the subject property parking lot, including proximity to the alleged perpetrator's vehicle
   d. Provide in chronological order, the steps taken by Jane Doe after the alleged sexual assault
   e. Provide specific details about any conversation between Jane Doe and the alleged perpetrator on October 4, 2021

15) Explain with specificity why Plaintiff was banned from the subject property.

16) Explain with specificity any and all reasons Mr. Michael Roddy called the Forsyth County Sheriff's Office on October 4, 2021 to report an alleged sexual assault.

   a. Provide any and all tangible evidence which supports your response to Question No. 16.

DATE: February 28, 2022

Respectfully submitted,

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Mr. Solomon Darden
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
691 John Wesley Dobbs Avenue NE
Suite V-17 Atlanta, Georgia 30312
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com

# EXHIBIT 2

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,

Plaintiff,

v.

WALMART STORE EAST LP, SUPERCENTER #7185,

Defendant.

_____/

Civil Action File No.
22SC-0345-A

### DEFENDANT WAL-MART STORES EAST, LP'S ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

COME NOW Defendant Wal-Mart Stores East, LP (incorrectly spelled in the caption), and after objecting to the "Definitions" section of Plaintiff's Interrogatories and Requests for Production of Documents as exceeding the scope of discovery under the Georgia Civil Practice Act and O.C.G.A. §§ 9-11-26, 9-11-33, and 9-11-34, answers and objects to said Interrogatories and Request for Production of Documents as follows:

### ANSWERS TO INTERROGATORIES

1.

Identify by name, position, last known address, telephone numbers, and e-mail addresses, all Defendant's employees, agents, assigns, contractors, or designees, current or former, that have information related to Plaintiff's incident on October 4, 2021.

RESPONSE: Defendant objects to Interrogatory No. 1 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel.

Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.  Instead, Defendant will designate that person as "Child Victim 1."  Subject to these objections, Defendant identifies the following persons who may have knowledge relevant to this litigation:

- Child Victim 1
- Assistant Manager Michael Roddy
- Associate Angel Dillon
- Former Associate Boris Solar

2.

Identify the owner of the subject property on October 4, 2021.

RESPONSE:  Defendant objects to Interrogatory No. 2 on the grounds that it is vague, overbroad, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections, the property is owned by Wal-Mart Real Estate Business Trust and the Store is operated solely by Wal-Mart Stores East, LP.

3.

Identify the person or persons, including agents, employees, or assigns who made the initial complaint against Plaintiff

a.      Identify their title and employment status as of October 4, 2021.

RESPONSE:  Defendant objects to Interrogatory No. 3 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Defendant objects to producing personal identifying information

of its employees, and Defendant's employees may only be contacted through undersigned counsel. Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.  Instead, Defendant will designate that person as "Child Victim 1."  Subject to these objections, Defendant states that Child Victim 1, an associate of the Store, reported the incident to Warren Santiago, her co-workers Angel Dillon and Boris Solar, and Assistant Manager Michael Roddy, and, ultimately, Assistant Manager Michael Roddy reported it to the police.

4

Identify the person or persons, including agents, employees, or assigns who made the call to Forsyth County Sheriffs Office.

a. Identify their title and employment status as of October 4, 2021.

RESPONSE:  Defendant objects to Interrogatory No. 4 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel. Subject to these objections, Defendant identifies the following person who may have knowledge relevant to this litigation:

- Assistant Manager Michael Roddy

5

Identify the number of times between January 1, 2021 to October 4, 2021 that Defendant employees at the subject property had to call Forsyth County-Sheriffs Office for alleged sexual assault or lewd behavior.

RESPONSE:   Defendant strenuously objects to Interrogatory No. 5 on the grounds that it is vague; over broad; seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and seeks information concerning incidents and transactions involving third persons (including victims of sex crimes) who are in no way connected to the subject litigation.  Defendant also objects that this Interrogatory invades the privacy of third parties (including victims of sex crimes) unconnected to this litigation by seeking their sensitive personal identifying information.  Defendant objects to producing personal identifying information of its employees or agents, and Defendant's employees or agents may only be contacted through undersigned counsel.  Subject to and without waiving said objections, Defendant produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.

6.

Identify the number of sexual assault allegations or complaints for lewd conduct that have been made by "Jane Doe" during the course of her employment.

RESPONSE: Defendant objects to Interrogatory No. 6 on the grounds that it is vague; over broad; and irrelevant. Subject to these objections, Child Victim 1 has only made one such complaint during the course of her employment, which is the incident at issue in this case.

7.

Identify each and every action taken by Defendant, including those by its employees, agents, or assigns taken on October 4, 2021, following the report from Jane Doe of a sexual assault.

a.      Include name, title, and substance of the actions taken in chronological order

RESPONSE:   Defendant objects to Interrogatory No. 7 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.   Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel.   Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.  Instead, Defendant will designate that person as "Child Victim 1."   Subject to these objections, Defendant states that, after Child Victim 1 took photographs of Plaintiff's vehicle's tag (see Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag) and reported the incident to Warren Santiago, her co-workers Angel Dillon and Boris Solar, and Assistant Manager Michael Roddy, Assistant Manager Michael Roddy made a telephone call to law enforcement.   (See Recording of 911 Call made by Assistant Manager Michael Roddy).    Once law enforcement arrived, law enforcement undertook an independent investigation. After law enforcement conducted their investigation, Assistant Manager Roddy gave Plaintiff a trespass warning, and banned Plaintiff from returning to the store.

8.

Is there video footage of the parking lot from October 4, 2021 at the subject property. If so, produce the footage in response to Request For Production of Document No. 3.

RESPONSE:   Defendant objects to Interrogatory No. 8 on the grounds that it is vague.  Subject to this objection, Defendant states that the Store's automated video surveillance

camera system on October 4, 2021 would have been recording whatever was in the field of vision of each camera; that the video would have stayed on the system for at least 30 days; that after that period of time the video system would have automatically recorded over the footage; that no footage from the Store's video surveillance system was saved while it existed on the system; and, thus, no, there is no Store surveillance camera system video footage of the parking lot on October 4, 2021.

9.

Is there video footage of inside the subject property on October 4, 2021 showing Plaintiff, Jane Doe, Michael Roddy, or the Forsyth County Sheriffs Office. If so, produce the footage in response to Request For Production of Document No. 3.

RESPONSE:   Defendant objects to Interrogatory No. 9 on the grounds that it is vague.  Subject to this objection, Defendant states that the Store's automated video surveillance camera system on October 4, 2021 would have been recording whatever was in the field of vision of each camera; that the video would have stayed on the system for at least 30 days; that after that period of time the video system would have automatically recorded over the footage; that no footage from the Store's video surveillance system was saved while it existed on the system; and, thus, no, there is no Store surveillance camera system video footage of inside the Store on October 4, 2021.

10.

Identify and explain with specificity the policies and protocols at Walmart in effect on January 1, 2021, to October 4, 2021, including but not limited to:

a.      The process for reporting sexual assault allegations.

b.      Identify the person or persons, and titles, involved in enforcing the policy and the actions

taken to remediate.

c.      Identify the polices in place to ensure the right perpetrator has been identified in order to

prevent cases of mistaken identity.

RESPONSE:   Defendants object to Interrogatory No. 10 on the grounds that it is vague,

overbroad, neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.  Defendant also objects that this Interrogatory seeks sensitive

confidential proprietary business documents, trade secrets, and other protected

intellectual property of Defendant.  Subject to and without waiving said objections,

Defendant will produce, for use in the subject litigation only, and subject to a fully

executed Consent Protective Order (proposed order attached hereto as Exhibit A),

its confidential policies and procedures regarding criminal activity response.

11.

        Identify with specificity the steps that Defendant including those by its employees, agents,

or assigns takes when investigating and interviewing witnesses or victims of alleged crimes

occurring on the subject property, in effect on October 4, 2021.

RESPONSE:  Defendants object to Interrogatory No. 11 on the grounds that it is vague,

overbroad, neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.  Defendant also objects that this Interrogatory seeks sensitive

confidential proprietary business documents, trade secrets, and other protected

intellectual property of Defendant.  Subject to and without waiving said objections,

Defendant will produce, for use in the subject litigation only, and subject to a fully

executed Consent Protective Order (proposed order attached hereto as Exhibit A), its confidential policies and procedures regarding criminal activity response.

12.

Identify with specificity the steps that Defendant including those by its employees, agents, or assigns take to ensure they have assessed the accuracy of their witness statement, in effect on October 4, 2021.

RESPONSE:   Defendant objects to Interrogatory No. 12 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.   Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel.   Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.   Instead, Defendant will designate that person as "Child Victim 1."   Subject to these objections, Defendant states that, after Child Victim 1 took photographs of Plaintiff's vehicle's tag (see Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag) and reported the incident to Warren Santiago, her co-workers Angel Dillon and Boris Solar, and Assistant Manager Michael Roddy, Assistant Manager Michael Roddy made a telephone call to law enforcement.   (See Recording of 911 Call made by Assistant Manager Michael Roddy).   Once law enforcement arrived, law enforcement undertook an independent investigation. After law enforcement conducted their investigation, Assistant Manager Roddy gave Plaintiff a trespass warning, and banned Plaintiff

from returning to the store.

13.

Identify with specificity the steps that Defendant including those by its employees, agents, or assigns, takes in order to ensure they have identified the right suspect, in effect on October 4, 2021.

RESPONSE:   Defendant objects to Interrogatory No. 13 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.   Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel.   Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.   Instead, Defendant will designate that person as "Child Victim 1."   Subject to these objections, Defendant states that, after Child Victim 1 took photographs of Plaintiff's vehicle's tag (see Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag) and reported the incident to Warren Santiago, her co-workers Angel Dillon and Boris Solar, and Assistant Manager Michael Roddy, Assistant Manager Michael Roddy made a telephone call to law enforcement.   (See Recording of 911 Call made by Assistant Manager Michael Roddy).   Once law enforcement arrived, law enforcement undertook an independent investigation. After law enforcement conducted their investigation, Assistant Manager Roddy gave Plaintiff a trespass warning, and banned Plaintiff from returning to the store.

14.

Explain with specificity any and all reasons which explain why Jane Doe reported allegations of sexual assault on October 4, 2021.

a.       Include the relevant timeline of events

b.       Include where Jane Doe was at the time of the alleged assault, including the make and model of the vehicle she was sitting in at the time

c.       Identify where Ms. Doe was located within the subject property parking lot, including proximity to the alleged perpetrator's-vehicle

d.       Provide in chronological order, the steps taken by Jane Doe after the alleged sexual assault

e.       Provide specific details about any conversation between Jane Doe and the alleged perpetrator on October 4, 2021

RESPONSE:  Defendant objects to Interrogatory No. 14 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel. Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.  Instead, Defendant will designate that person as "Child Victim 1."  Subject to these objections, Defendant states that Child Victim 1 alleges that she was flashed while she was in her car on her break in the Store's parking lot; that Plaintiff exposed his genitals her; that she took photographs of Plaintiff's vehicle's tag; and that Plaintiff then entered the Store. Child Victim 1 reported the incident to Warren Santiago, her co-workers Angel Dillon and Boris Solar, and Assistant Manager Michael Roddy, and Assistant Manager Michael Roddy made a

telephone call to law enforcement.  Once law enforcement arrived, law enforcement undertook an independent investigation. After law enforcement conducted their investigation, Assistant Manager Roddy gave Plaintiff a trespass warning, and banned Plaintiff from returning to the store. Defendant further produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.

- Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag

15.

Explain with specificity why Plaintiff was banned from the subject property.

RESPONSE:  Defendant objects to Interrogatory No. 15 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel. Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.  Instead, Defendant will designate that person as "Child Victim 1."  Subject to these objections, Defendant states that Child Victim 1 alleges that she was flashed while she was in her car on her break in the Store's parking lot; that Plaintiff exposed his genitals her; that she took photographs of Plaintiff's vehicle's tag; and that Plaintiff then entered the Store. Child Victim 1 reported the incident to Warren Santiago, her co-workers Angel Dillon and Boris Solar, and Assistant Manager Michael Roddy, and Assistant Manager Michael Roddy made a telephone call to law enforcement.  Once law enforcement arrived, law enforcement undertook their own investigation. After law enforcement conducted their investigation, Assistant Manager Roddy gave Plaintiff a trespass warning, and banned Plaintiff from returning to the Store to ensure

the safety of the customers and employees working at the Store.  Defendant further produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.

- Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag

16.

Explain with specificity any and all reasons Mr. Michael Roddy called the Forsyth County Sheriffs Office on October 4, 2021 to report an alleged sexual assault.

a. Provide any and all tangible evidence which supports your response to Question No. 16.

RESPONSE:  Defendant objects to Interrogatory No. 16 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel. Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.  Instead, Defendant will designate that person as "Child Victim 1."  Subject to these objections, Defendant states that Child Victim 1 alleges that she was flashed while she was in her car on her break in the Store's parking lot; that Plaintiff exposed his genitals her; that she took photographs of Plaintiff's vehicle's tag; and that Plaintiff then entered the Store. Child Victim 1 reported the incident to Warren Santiago, her co-workers Angel Dillon and Boris Solar, and Assistant Manager Michael Roddy, and Assistant Manager Michael Roddy made a telephone call to law enforcement.  Once law enforcement arrived, law enforcement undertook an independent investigation. After law enforcement conducted their investigation, Assistant Manager Roddy gave Plaintiff a trespass warning, and banned Plaintiff from returning to the store.

Defendant further produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.

- Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag

## **RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

Any and all policies and procedures in effect from January 1, 2021 — October 4, 2021, for handling sexual assault allegations or investigations occurring at the subject property.

RESPONSE: Defendants object to Request No. 1 on the grounds that it is vague, overbroad, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that this Interrogatory seeks sensitive confidential proprietary business documents, trade secrets, and other protected intellectual property of Defendant. Subject to and without waiving said objections, Defendant will produce, for use in the subject litigation only, and subject to a fully executed Consent Protective Order (proposed order attached hereto as Exhibit A), its confidential policies and procedures regarding criminal activity response.

2.

Any and all records, in whatever format, relied on by the Defendant to support any defense or anticipated defense in this action, including a list of witnesses and their contact information (address, phone number, and email address).

RESPONSE: Defendant objects to this Interrogatory as an improper "give me everything you have request;" over broad; vague; and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-

product doctrine.  Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel.  Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.  Instead, Defendant will designate that person as "Child Victim 1."  Subject to these objections, Defendant hereby produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.

- Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag

Defendant further identifies the following persons who may have knowledge relevant to this incident:

- Child Victim 1

- Warren Santiago

- Assistant Manager Michael Roddy

- Associate Angel Dillon

- Former Associate Boris Solar

3.

Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 between Plaintiff and Defendant employees.

RESPONSE: Defendant objects to this Request on the grounds that it requests information encompassing the work product of Defendant and its agents and attorneys and, as such, includes anticipation of litigation and trial preparation. The existence of video surveillance is not discoverable, as it is deemed impeachment evidence. Ballard v. Meyers, 275 Ga. 819, 572 S.E. 2d 572 (2002). Defendant further objects to this Request as being over broad, vague and not

reasonably calculated to lead to the discovery of admissible evidence.    Defendant also objects because this Request improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Subject to said objection, Defendant produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.
- Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag

4.

Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 showing Jane Doe's whereabouts.

RESPONSE: Defendant objects to this Request on the grounds that it requests information encompassing the work product of Defendant and its agents and attorneys and, as such, includes anticipation of litigation and trial preparation. The existence of video surveillance is not discoverable, as it is deemed impeachment evidence.  Ballard v. Meyers, 275 Ga. 819, 572 S.E. 2d 572 (2002). Defendant further objects to this Request as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.    Defendant also objects because this Request improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Subject to said objection, Defendant produces:

- Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag

5.

Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 between Defendant employees and Forsyth County Sheriffs Office.

RESPONSE: Defendant objects to this Request on the grounds that it requests information encompassing the work product of Defendant and its agents and attorneys and, as such, includes anticipation of litigation and trial preparation. The existence of video surveillance is not

discoverable, as it is deemed impeachment evidence. <u>Ballard v. Meyers</u>, 275 Ga. 819, 572 S.E. 2d

572 (2002). Defendant further objects to this Request as being over broad, vague and not

reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects

because this Request improperly seeks materials protected by the attorney-client privilege and the

work-product doctrine.  Subject to said objection, Defendant produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.

6.

Produce a copy of the image or document which contains Plaintiffs vehicle license plate

taken by Jane Doe on October 4, 2021.

RESPONSE: Defendant objects to Request No. 6 on the grounds that it is vague, over broad; and

requests information protected by the attorney-client privilege and encompassing the work product

of Defendant and its agents and attorneys and, as such, includes anticipation of litigation and trial

preparation materials.  Subject to these objections, Defendant will produce the following:

- Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag

7.

Provide a copy of the receipt for the groceries purchased by Plaintiff at the subject property

on October 4, 2021.

RESPONSE: Defendant objects to this Request because Defendant does not currently have a way

of discerning which electronic journal record depicts Plaintiff's purchase, if any, at the Store on

October 4, 2021.  If Plaintiff can provide additional information as to which register, what he

purchased, form of payment, time of purchase, whether he used a particular credit card or debit

card, Defendant can attempt to search for the record.  Defendant also objects because Plaintiff's

receipt is, presumably, in Plaintiff's possession.

8.

The entire work file for the Walmart employee referred to as "Jane Doe", who reported the incident (this should include all sexual allegations or sexual complaints made by Jane Doe while employed at Walmart, as well as any sexually-based' complaints made against her).

RESPONSE: Defendant Wal-Mart objects to Request No. 8 as over broad, unduly burdensome, and seeking irrelevant information that is not likely to lead to the discovery of relevant evidence. Defendant Wal-Mart also objects to this Request to the extent it seeks confidential and/or private information and documents or requests production of attorney client privileged and/or work product documents.  With respect to personnel files and related documents, there exists a strong public policy against the disclosure of personnel files. Morton v. F.H. Paschen, Inc., Civ. A. No. 96-7179, 1998 WL 13270, at *3 (E.D.Pa. Jan.15, 1998) (quoting In re the One Bancorp Sec. Litig., 134 F.R.D. 4, 12 (D.Me.1991)).  At a minimum, before a court compels the production of non-party personnel files, it should first be satisfied that the information in those files is, indeed, relevant. "The mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file." Haselhorst v. Wal-Mart Stores, Inc., 163 F.R.D. 10, 11 (D.Kan.1995). Moreover, production of the files in their entirety should not be ordered where the relevant information may be obtained by resort to less intrusive means of discovery.  See, e.g., Sanchez v. City of Santa Ana, 936 F.2d 1027, 1034 (9th Cir.1990), cert. denied, 502 U.S. 957, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991); Alden v. Time Warner, Inc., 1995 WL 679238 *1 (S.D.N.Y. November 14, 1993); Giraudo v. Henkels & McCoy, Inc., 1993 WL 415613 *1 (D.Or., October 7, 1993); Held v. National R.R. Passenger Corp., 101 F.R.D. 420, 426 (D.D.C.1984).  See, e.g., Gehring v. Case Corp., 43 F.3d 340, 342- 43 (7th Cir.1994) (privacy interests was proper basis upon which to disallow counsel from "root[ing] through the personnel files."), cert. denied, 515

U.S. 1159, 115 S.Ct. 2612, 132 L.Ed.2d 855 (1995).  These interests are not protected merely by

entry of a confidentiality order. See Raddatz v. Standard Register Co., 177 F.R.D. 446, 447-448

(D.Minn.1997) (citing Orbovich v. Macalester College, 119 F.R.D. 411, 415 (D.Minn.1988);

Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994); Willis v. Golden Rule Insurance Co.,

1991 WL 350038 *3 (E.D. Tenn., August 5, 1991)) ("In our considered view, the very act of

disclosing an employee's sensitive and personal data is a highly, and frequently, an unnecessarily

intrusive act--whether or not that disclosure is governed by the terms of a Confidentiality Order.

The intrusiveness of the act rests in disclosure to anyone, and the fact that the information may not

be openly publicized brings little comfort to the employee, whose most private confidences are

needlessly divulged. In our view, to order the production of such non-party employee files--even

under the restrictions of a Protective Order--is not a step which the Court should lightly

undertake."). As a consequence, a party seeking the discovery of personnel information must

demonstrate, notwithstanding the breadth of discovery, that the value of the information sought

would outweigh the privacy interests of the affected individuals. See Whittingham v. Amherst

Coll., supra at 127-28; Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994).

9.

Any and all records of calls placed by Defendant, including its agents, assigns, and

employees, to Forsyth County Sheriff's Office regarding sexual assault or lewd behavior occurring

on the property between January 1, 2021, to October 4, 2021.

RESPONSE: Defendant strenuously objects to Request No. 9 on the grounds that it is vague; over

broad; seeks discovery of information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence; and seeks information

concerning incidents and transactions involving third persons (including victims of

sex crimes) who are in no way connected to the subject litigation.  Defendant also objects that this Request invades the privacy of third parties (including victims of sex crimes) unconnected to this litigation by seeking their sensitive personal identifying information.  Defendant objects to producing personal identifying information of its employees or agents, and Defendant's employees or agents may only be contacted through undersigned counsel.  Subject to and without waiving said objections, Defendant produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.

10.

Any and all policies and procedures for banning a shopper from the subject property.

RESPONSE:  Defendant objects to Request No. 10 on the grounds that it is vague, overbroad, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects that this Interrogatory seeks sensitive confidential proprietary business documents, trade secrets, and other protected intellectual property of Defendant.  Subject to and without waiving said objections, Defendant will produce, for use in the subject litigation only, and subject to a fully executed Consent Protective Order (proposed order attached hereto as Exhibit A), its confidential policies and procedures regarding trespassing customers.

11.

Provide a copy of the vehicle registration for Jane Doe's vehicle that she owned or drove to the subject premises on October 4, 2021.

RESPONSE:  Defendant objects to this Request as vague, over broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to

and without waiving these objections, Defendant states that Defendant is not in possession of such a document.

12.

Provide a copy of the vehicle registration for the vehicle that Jane Doe was sitting in at the time of the alleged sexual assault on the subject premises on October 4, 2021.

RESPONSE: Defendant objects to this Request as vague, over broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Defendant states that Defendant is not in possession of such a document.

13.

Any and all policies related to video retention policies in effect on October 4, 2021.

RESPONSE: Defendant objects to Request No. 13 on the grounds that it is vague, overbroad, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects that this Interrogatory seeks sensitive confidential proprietary business documents, trade secrets, and other protected intellectual property of Defendant.  Subject to and without waiving said objections, Defendant will produce, for use in the subject litigation only, and subject to a fully executed Consent Protective Order (proposed order attached hereto as Exhibit A), its confidential CCTV policies.

14.

Any and all records related Walmart Ethics Case Number WMT211007819 including audio recordings, notes, or tangible documents.

RESPONSE: Defendant objects to Request No. 14 on the grounds that it is vague; over broad; and

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this Request improperly seeks materials protected by the attorney-client privilege and the work-product doctrine. Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel. Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store. Instead, Defendant will designate that person as "Child Victim 1." Subject to and without waiving said objections, Defendant is still gathering this information, and will provide a supplemental response with appropriate supplemental objections (if necessary) once that material is reviewed by counsel.

McLAIN & MERRITT, P.C.

Nicholas E. Deeb
Georgia Bar No. 117025
Jacob D. Davis
Georgia Bar No. 382586
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
ndeeb@mmatllaw.com
jdavis@mmatllaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANT WAL-MART STORE EAST, LP.'S ANSWERS TO PLAINTIFF'S INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS** upon counsel for all parties by email and depositing same in the United States Mail in envelopes with sufficient postage affixed thereon to ensure delivery addressed as follows:

Angelik Edmonds
Edmonds Law Office of Civil Rights, LLC
691 John Wesley Dobbs Avenue NE
Suite V-17
Atlanta, GA 30312
angie@aedmondslaw.com

This the 21st day of April, 2022.

McLAIN & MERRITT, P.C.

Nicholas E. Deeb
Georgia Bar No. 117025
Jacob D. Davis
Georgia Bar No. 382586
Attorneys for Defendant
WAL-MART STORES EAST LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)

# EXHIBIT 3



**Attorney Angelik Edmonds** <angie@aedmondslaw.com>                    Wed, Apr 27, 2022 at 12:10 PM
To: "Nicholas E. Deeb" <ndeeb@mmatllaw.com>
Cc: Paula Rainford <admin@aedmondslaw.com>, "Jacob D. Davis" <jdavis@mmatllaw.com>

Nic,

Please confirm if the mutual protective order is agreeable. Defendants' discovery responses are currently deficient in many ways. Notably, some of Defendants' responses are contingent upon the execution of the consent protective order (Interrogatorie 10, ROG 11, RPD 1, RPD 10, RPD 13). Plea e let me know if you would like for my office to file it today. If not, please file it by COB today.

Interrogatory #1
Defendant have failed to provide the child victim' name and contact information. Undoubtedly, Plaintiff will be unable to complete an investigation without her name. Plaintiff will need Jane Doe's contact information to serve various subpoenas upon her, especially in light of Defendant's refusal to provide information responsive to RPDs #11 and #12.

Defendant have imilarly failed to produce the contact information for former a ociate Bori Solar. Mr. Solar i no longer an employee of Walmart. Defendant has no basis to withhold his contact information.

RPD #8
Defendant have failed to produce Jane Doe' employment file. Plaintiff ha a di coverable intere t in her employment record given that there is an allegation that the victim has made prior false allegations against other black men. Plaintiff is not required to simply take "Defendants' word for it" as asserted in their responses to interrogatories.

RPD #14
Deficient Response. Defendant has failed to produce relevant information in its custody.

Please note that this email is an attempt to resolve an ongoing discovery dispute, pursuant to 6.4. If Defendant fails to upplement it di covery reque t by COB on April 9, o , Plaintiff will file a motion to compel, a king the Court to reimburse his attorney's fees.

[Quoted text hidden]
[Quoted text hidden]



○ Disciplinary Action spreadsheet

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**

Judge Leslie Abernathy-Maddox
MAY 06, 2022 02:33 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,        )
                           )
                           )
      Plaintiff,         )
                           )
v.                          )
                           )
                           )    Civil Action No. 22SC-0345-A
WALMART STORE EAST LP,  )
SUPERCENTER #7185       )
                           )
                           )
                           )    JURY TRIAL DEMANDED
      Defendant.       )

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this day I have served the opposing party's counsel of record with this PLAINTIFF'S MOTION TO COMPEL DISCOVERY PURSUANT TO O.C.G.A § 9-11-37 via Statutory Electronic Service via email to Nicholas E. Deeb at ndeeb@mmatllaw.com.

DATE: May 6, 2022

Respectfully submitted,

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Plaintiff
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
135 Auburn Avenue
Suite #B Atlanta, Georgia 30303
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com

⏚ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**

**Judge Leslie Abernathy-Maddox**
**MAY 06, 2022 02:33 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                           )
                                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )
                                          )
                                          )      Civil Action No. 22SC-0345-A
WALMART STORE EAST LP,                    )
SUPERCENTER #7185                         )
                                          )
                                          )
                                          )
                                          )      JURY TRIAL DEMANDED
        Defendant.                        )
                                          )
_____   )

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**PURSUANT TO O.C.G.A § 9-11-37**

COMES NOW Plaintiff Mr. Solomon Darden, by and through his undersigned counsel,

to respectfully move this Court for an order granting his Motion to Compel Discovery Pursuant

to O.C.G.A § 9-11-37.  Mr. Darden further states as follows:

On February 28, 2022, Mr. Darden filed this case against Defendant Walmart for false

imprisonment.  Contemporaneously, with service of the summons and complaint, Plaintiff served

Requests for Production of Documents and Interrogatories.  Pursuant to OCGA 9-11-33(a)(2)

and OCGA 9-11-34(b)(2), Defendant's answers to Plaintiff's discovery requests were due on

April 21, 2022, or 45 days after service. See Exhibit 1: Plaintiff's Discovery Requests.

On April 21, 2022, Defendant's served Plaintiff with incomplete discovery responses.

Defendant refused to produce responses to Plaintiff's requests (Interrogatory No. 10,

Interrogatory 11, RPD No. 1, RPD 10, and RPD 13) because the joint protective order had not yet been signed by the Court.  However, on May 2, 2022, the Court granted the Parties' joint motion for a protective order.  Still, Defendant has failed to produce the responsive discovery material.  Defendant has also provided incomplete discovery responses for requests, notwithstanding the protective order objection including: Interrogatory No. 1, RPD No. 8, and RPD No. 14.  Specifically, Defendant has failed to provide contact information for the alleged victim "Jane Doe" in these proceedings.  See Exhibit 2: Defendant's Discovery Responses.  Notably, without this information, Mr. Darden cannot gather information to support his case-in-chief, including investigating allegations that the minor has made similar false allegations against black men; whether Jane Doe was physically able to see Mr. Darden from her vehicle; and the contact information for the former Walmart associate who has first-hand personal knowledge of the October 4, 2021 incident.  Because Walmart has refused to provide this information, Mr. Darden must subpoena Jane Doe directly, a subpoena is an impossibility unless and until Walmart produces the victim's name and contact information.  Additionally, Walmart has no legitimate basis to deny Plaintiff access to a former associate's contact information.  Based on the sophisticated nature of electronic employment databases, this information is likely readily available via a simple search of Walmart's systems.

Walmart has scheduled depositions for the Plaintiff and his wife in mid-June 2022.  Plaintiff needs to review the requested discovery materials well in advance of the depositions for preparation and investigation.  On April 27, 2022, Plaintiff's counsel sent Walmart an email detailing the production deficiencies and requesting supplementation. Thus, Mr. Darden has made a good faith attempt to resolve this discovery dispute pursuant to Georgia S.C.R. 6.4.  See, Exhibit 3: Plaintiff's 6.4 Email.  To date, over two weeks passed the original deadline, Plaintiff

has not received Defendant's responses.  Defendant has failed to offer *any* reason, much less good cause, for the delay in discovery production.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests an Order from this Honorable Court compelling Defendant to fully respond to Plaintiff's First Discovery Requests and an order awarding attorney fees to Plaintiff.

This 6th day of May 2022.

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Plaintiff
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
135 Auburn Avenue
Suite #B Atlanta, Georgia 30303
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com

# EXHIBIT 1

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/28/2022 5:02 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
22SC-0345-A
Abernathy-Maddox, Leslie

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                          )
                                         )
                                         )
         Plaintiff,                      )
                                         )
v.                                       )
                                         )
                                         )       Civil Action No.
WALMART STORE EAST LP,                   )
SUPERCENTER #7185                        )
                                         )
                                         )
                                         )
                                         )       JURY TRIAL DEMANDED
         Defendant.                      )
_____  )

## **PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT**


### GENERAL INSTRUCTIONS AND APPLICABLE DEFINITIONS


A) Please produce all requested documents electronically via email to
   angie@aedmondslaw.com and admin@aedmondslaw.com or if the amount of data to be
   produced exceeds 25 MB, contact the undersigned for access to upload documents via
   Google Drive. Plaintiff is requesting any and all data, electronically stored information,
   or tangible materials within the Defendants' control, to include their agents,
   representatives, business affiliates, contractors, or other designated individual or
   company with relevant and/or responsive information.

B) Terms in the singular include the plural, and terms in the plural include the singular.
   Terms in the masculine gender include the feminine, and terms in the feminine gender
   include the masculine. The past verb tense includes the present verb tense, and the
   present verb tense includes the past tense.

C) "Subject Property" shall refer to Walmart Store East, LP Supercenter # 7185 located at
   3655 Browns Bridge Road, Cumming, Georgia 30028.


D) Plaintiff shall refer to Solomon Darden.

E) If you object to any of these requests, the grounds for such objection must be specifically stated.

F) "Defendant" refers to Walmart Store East, LP, Supercenter #7185, located at 3655 Browns Bridge Road, Cumming, Georgia 30028.  Defendant includes employees, agents, contractors, or assigns acting on behalf of or at the request of Defendant.

G) Jane Doe refers to the individual woman who alleged that Plaintiff exposed himself to her.  She is referred to as "Jane Doe" throughout the Complaint.

H) If you object to or fail to answer any interrogatory or document request on the grounds that either the attorney-client privilege or the work-product doctrine, or both, or any other claim of privilege applies, then as to such discovery request(s), describe the nature of the documents, communications or things not produced or disclosed in a manner that will enable the Plaintiff to assess the applicability of the privilege or protection.

I) Pursuant to O.C.G.A. 9-11-33 and 9-11-34, Defendant responses are due within 30 days.

<u>REQUESTS FOR PRODUCTION AND NOTICE TO PRODUCE</u>

1) Any and all policies and procedures in effect from January 1, 2021 – October 4, 2021, for handling sexual assault allegations or investigations occurring at the subject property.

2) Any and all records, in whatever format, relied on by the Defendant to support any defense or anticipated defense in this action, including a list of witnesses and their contact information (address, phone number, and email address).

3) Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 between Plaintiff and Defendant employees.

4) Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 showing Jane Doe's whereabouts.

5) Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 between Defendant employees and Forsyth County Sheriff's Office.

6) Produce a copy of the image or document which contains Plaintiff's vehicle license plate taken by Jane Doe on October 4, 2021.

7) Provide a copy of the receipt for the groceries purchased by Plaintiff at the subject property on October 4, 2021.

8) The entire work file for the Walmart employee referred to as "Jane Doe", who reported the incident (this should include all sexual allegations or sexual complaints made by Jane Doe while employed at Walmart, as well as any sexually-based[1] complaints made against her).

9) Any and all records of calls placed by Defendant, including its agents, assigns, and employees, to Forsyth County Sheriff's Office regarding sexual assault or lewd behavior occurring on the property between January 1, 2021, to October 4, 2021.

10) Any and all policies and procedures for banning a shopper from the subject property.

11) Provide a copy of the vehicle registration for Jane Doe's vehicle that she owned or drove to the subject premises on October 4, 2021.

12) Provide a copy of the vehicle registration for the vehicle that Jane Doe was sitting in at the time of the alleged sexual assault on the subject premises on October 4, 2021.

13) Any and all policies related to video retention policies in effect on October 4, 2021.

14) Any and all records related Walmart Ethics Case Number WMT211007819 including audio recordings, notes, or tangible documents.

## INTERROGATORIES

Please answer the following numbered interrogatories, separately and completely in writing. Please provide your answers on a separate sheet, identifying each interrogatory by number. Do not forget to respond to the entire question, many of which include sub-parts.

If there are any ambiguities in the following interrogatories, please contact the undersigned for clarification. To the extent any facts are unknown or unavailable, please respond to the interrogatory to the best of your ability including facts within the Defendants' knowledge, estimates, approximations, or beliefs that are considered reliable. Any such estimates, approximations, or beliefs should be noted, and the bases for said belief in their reliability should be explained.

1) Identify by name, position, last known address, telephone numbers, and e-mail addresses, all Defendant's employees, agents, assigns, contractors, or designees, current or former, that have information related to Plaintiff's incident on October 4, 2021.

2) Identify the owner of the subject property on October 4, 2021.

---

[1] Sexually based in this context refers to any interactions or alleged interactions alleging sexual harassment and/or unwanted sexual advances.

3) Identify the person or persons, including agents, employees, or assigns who made the initial complaint against Plaintiff.

    a. Identify their title and employment status as of October 4, 2021.

4) Identify the person or persons, including agents, employees, or assigns who made the call to Forsyth County Sheriff's Office.
    a. Identify their title and employment status as of October 4, 2021.

5) Identify the number of times between January 1, 2021 to October 4, 2021 that Defendant employees at the subject property had to call Forsyth County Sheriff's Office for alleged sexual assault or lewd behavior.

6) Identify the number of sexual assault allegations or complaints for lewd conduct that have been made by "Jane Doe" during the course of her employment.

7) Identify each and every action taken by Defendant, including those by its employees, agents, or assigns taken on October 4, 2021, following the report from Jane Doe of a sexual assault.

    a. Include name, title, and substance of the actions taken in chronological order

8) Is there video footage of the parking lot from October 4, 2021 at the subject property. If so, produce the footage in response to Request For Production of Document No. 3.

9) Is there video footage of inside the subject property on October 4, 2021 showing Plaintiff, Jane Doe, Michael Roddy, or the Forsyth County Sheriff's Office. If so, produce the footage in response to Request For Production of Document No. 3.

10) Identify and explain with specificity the policies and protocols at Walmart in effect on January 1, 2021, to October 4, 2021, including but not limited to:
    a. The process for reporting sexual assault allegations.
    b. Identify the person or persons, and titles, involved in enforcing the policy and the actions taken to remediate.
    c. Identify the polices in place to ensure the right perpetrator has been identified in order to prevent cases of mistaken identity.

11) Identify with specificity the steps that Defendant including those by its employees, agents, or assigns takes when investigating and interviewing witnesses or victims of alleged crimes occurring on the subject property, in effect on October 4, 2021.

12) Identify with specificity the steps that Defendant including those by its employees, agents, or assigns take to ensure they have assessed the accuracy of their witness statement, in effect on October 4, 2021.

13) Identify with specificity the steps that Defendant including those by its employees, agents, or assigns, takes in order to ensure they have identified the right suspect, in effect on October 4, 2021.

14) Explain with specificity any and all reasons which explain why Jane Doe reported allegations of sexual assault on October 4, 2021.

    a. Include the relevant timeline of events
    b. Include where Jane Doe was at the time of the alleged assault, including the make and model of the vehicle she was sitting in at the time
    c. Identify where Ms. Doe was located within the subject property parking lot, including proximity to the alleged perpetrator's vehicle
    d. Provide in chronological order, the steps taken by Jane Doe after the alleged sexual assault
    e. Provide specific details about any conversation between Jane Doe and the alleged perpetrator on October 4, 2021

15) Explain with specificity why Plaintiff was banned from the subject property.

16) Explain with specificity any and all reasons Mr. Michael Roddy called the Forsyth County Sheriff's Office on October 4, 2021 to report an alleged sexual assault.

    a. Provide any and all tangible evidence which supports your response to Question No. 16.

DATE: February 28, 2022

Respectfully submitted,

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Mr. Solomon Darden
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
691 John Wesley Dobbs Avenue NE
Suite V-17 Atlanta, Georgia 30312
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com

# EXHIBIT 2

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,

            Plaintiff,

v.

WALMART STORE EAST LP, SUPERCENTER #7185,

            Defendant.

_____/

Civil Action File No.
22SC-0345-A

### DEFENDANT WAL-MART STORES EAST, LP'S ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

COME NOW Defendant Wal-Mart Stores East, LP (incorrectly spelled in the caption), and after objecting to the "Definitions" section of Plaintiff's Interrogatories and Requests for Production of Documents as exceeding the scope of discovery under the Georgia Civil Practice Act and O.C.G.A. §§ 9-11-26, 9-11-33, and 9-11-34, answers and objects to said Interrogatories and Request for Production of Documents as follows:

### ANSWERS TO INTERROGATORIES

1.

Identify by name, position, last known address, telephone numbers, and e-mail addresses, all Defendant's employees, agents, assigns, contractors, or designees, current or former, that have information related to Plaintiff's incident on October 4, 2021.

RESPONSE: Defendant objects to Interrogatory No. 1 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel.

Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.  Instead, Defendant will designate that person as "Child Victim 1."  Subject to these objections, Defendant identifies the following persons who may have knowledge relevant to this litigation:

- Child Victim 1

- Assistant Manager Michael Roddy

- Associate Angel Dillon

- Former Associate Boris Solar

2.

Identify the owner of the subject property on October 4, 2021.

RESPONSE:  Defendant objects to Interrogatory No. 2 on the grounds that it is vague, overbroad, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections, the property is owned by Wal-Mart Real Estate Business Trust and the Store is operated solely by Wal-Mart Stores East, LP.

3.

Identify the person or persons, including agents, employees, or assigns who made the initial complaint against Plaintiff

a.      Identify their title and employment status as of October 4, 2021.

RESPONSE:  Defendant objects to Interrogatory No. 3 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Defendant objects to producing personal identifying information

of its employees, and Defendant's employees may only be contacted through undersigned counsel. Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.  Instead, Defendant will designate that person as "Child Victim 1."  Subject to these objections, Defendant states that Child Victim 1, an associate of the Store, reported the incident to Warren Santiago, her co-workers Angel Dillon and Boris Solar, and Assistant Manager Michael Roddy, and, ultimately, Assistant Manager Michael Roddy reported it to the police.

4

Identify the person or persons, including agents, employees, or assigns who made the call to Forsyth County Sheriffs Office.

a.      Identify their title and employment status as of October 4, 2021.

RESPONSE:  Defendant objects to Interrogatory No. 4 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel. Subject to these objections, Defendant identifies the following person who may have knowledge relevant to this litigation:

- Assistant Manager Michael Roddy

5

Identify the number of times between January 1, 2021 to October 4, 2021 that Defendant employees at the subject property had to call Forsyth County-Sheriffs Office for alleged sexual assault or lewd behavior.

RESPONSE:   Defendant strenuously objects to Interrogatory No. 5 on the grounds that it is vague; over broad; seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and seeks information concerning incidents and transactions involving third persons (including victims of sex crimes) who are in no way connected to the subject litigation.  Defendant also objects that this Interrogatory invades the privacy of third parties (including victims of sex crimes) unconnected to this litigation by seeking their sensitive personal identifying information.   Defendant objects to producing personal identifying information of its employees or agents, and Defendant's employees or agents may only be contacted through undersigned counsel.  Subject to and without waiving said objections, Defendant produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.

6.

Identify the number of sexual assault allegations or complaints for lewd conduct that have been made by "Jane Doe" during the course of her employment.

RESPONSE: Defendant objects to Interrogatory No. 6 on the grounds that it is vague; over broad; and irrelevant. Subject to these objections, Child Victim 1 has only made one such complaint during the course of her employment, which is the incident at issue in this case.

7.

Identify each and every action taken by Defendant, including those by its employees, agents, or assigns taken on October 4, 2021, following the report from Jane Doe of a sexual assault.

a.      Include name, title, and substance of the actions taken in chronological order

RESPONSE:   Defendant objects to Interrogatory No. 7 as being over broad, vague and not

reasonably calculated to lead to the discovery of admissible evidence.   Defendant

also objects because this Interrogatory improperly seeks materials protected by the

attorney-client privilege and the work-product doctrine.   Defendant objects to

producing personal identifying information of its employees, and Defendant's

employees may only be contacted through undersigned counsel.   Defendant also

objects to producing the name and contact information for the minor victim that is

currently an employee of the Store.   Instead, Defendant will designate that person

as "Child Victim 1."   Subject to these objections, Defendant states that, after Child

Victim 1 took photographs of Plaintiff's vehicle's tag (see Photos taken by Child

Victim 1 of Plaintiff's Vehicle's Tag) and reported the incident to Warren Santiago,

her co-workers Angel Dillon and Boris Solar, and Assistant Manager Michael

Roddy, Assistant Manager Michael Roddy made a telephone call to law

enforcement.   (See Recording of 911 Call made by Assistant Manager Michael

Roddy).    Once law enforcement arrived, law enforcement undertook an

independent investigation. After law enforcement conducted their investigation,

Assistant Manager Roddy gave Plaintiff a trespass warning, and banned Plaintiff

from returning to the store.

8.

Is there video footage of the parking lot from October 4, 2021 at the subject property. If

so, produce the footage in response to Request For Production of Document No. 3.

RESPONSE:   Defendant objects to Interrogatory No. 8 on the grounds that it is vague.   Subject to

this objection, Defendant states that the Store's automated video surveillance

camera system on October 4, 2021 would have been recording whatever was in the field of vision of each camera; that the video would have stayed on the system for at least 30 days; that after that period of time the video system would have automatically recorded over the footage; that no footage from the Store's video surveillance system was saved while it existed on the system; and, thus, no, there is no Store surveillance camera system video footage of the parking lot on October 4, 2021.

9.

Is there video footage of inside the subject property on October 4, 2021 showing Plaintiff, Jane Doe, Michael Roddy, or the Forsyth County Sheriffs Office. If so, produce the footage in response to Request For Production of Document No. 3.

RESPONSE:   Defendant objects to Interrogatory No. 9 on the grounds that it is vague.  Subject to this objection, Defendant states that the Store's automated video surveillance camera system on October 4, 2021 would have been recording whatever was in the field of vision of each camera; that the video would have stayed on the system for at least 30 days; that after that period of time the video system would have automatically recorded over the footage; that no footage from the Store's video surveillance system was saved while it existed on the system; and, thus, no, there is no Store surveillance camera system video footage of inside the Store on October 4, 2021.

10.

Identify and explain with specificity the policies and protocols at Walmart in effect on January 1, 2021, to October 4, 2021, including but not limited to:

a.      The process for reporting sexual assault allegations.

b.      Identify the person or persons, and titles, involved in enforcing the policy and the actions taken to remediate.

c.      Identify the polices in place to ensure the right perpetrator has been identified in order to prevent cases of mistaken identity.

RESPONSE:   Defendants object to Interrogatory No. 10 on the grounds that it is vague, overbroad, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects that this Interrogatory seeks sensitive confidential proprietary business documents, trade secrets, and other protected intellectual property of Defendant.  Subject to and without waiving said objections, Defendant will produce, for use in the subject litigation only, and subject to a fully executed Consent Protective Order (proposed order attached hereto as Exhibit A), its confidential policies and procedures regarding criminal activity response.

11.

Identify with specificity the steps that Defendant including those by its employees, agents, or assigns takes when investigating and interviewing witnesses or victims of alleged crimes occurring on the subject property, in effect on October 4, 2021.

RESPONSE:  Defendants object to Interrogatory No. 11 on the grounds that it is vague, overbroad, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects that this Interrogatory seeks sensitive confidential proprietary business documents, trade secrets, and other protected intellectual property of Defendant.  Subject to and without waiving said objections, Defendant will produce, for use in the subject litigation only, and subject to a fully

executed Consent Protective Order (proposed order attached hereto as Exhibit A),

its confidential policies and procedures regarding criminal activity response.

12.

Identify with specificity the steps that Defendant including those by its employees, agents,

or assigns take to ensure they have assessed the accuracy of their witness statement, in effect on

October 4, 2021.

RESPONSE:   Defendant objects to Interrogatory No. 12 as being over broad, vague and not

reasonably calculated to lead to the discovery of admissible evidence.   Defendant

also objects because this Interrogatory improperly seeks materials protected by the

attorney-client privilege and the work-product doctrine.   Defendant objects to

producing personal identifying information of its employees, and Defendant's

employees may only be contacted through undersigned counsel.   Defendant also

objects to producing the name and contact information for the minor victim that is

currently an employee of the Store.   Instead, Defendant will designate that person

as "Child Victim 1."   Subject to these objections, Defendant states that, after Child

Victim 1 took photographs of Plaintiff's vehicle's tag (see Photos taken by Child

Victim 1 of Plaintiff's Vehicle's Tag) and reported the incident to Warren Santiago,

her co-workers Angel Dillon and Boris Solar, and Assistant Manager Michael

Roddy, Assistant Manager Michael Roddy made a telephone call to law

enforcement.   (See Recording of 911 Call made by Assistant Manager Michael

Roddy).   Once law enforcement arrived, law enforcement undertook an

independent investigation. After law enforcement conducted their investigation,

Assistant Manager Roddy gave Plaintiff a trespass warning, and banned Plaintiff

from returning to the store.

13.

Identify with specificity the steps that Defendant including those by its employees, agents, or assigns, takes in order to ensure they have identified the right suspect, in effect on October 4, 2021.

RESPONSE:   Defendant objects to Interrogatory No. 13 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.   Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel.   Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.   Instead, Defendant will designate that person as "Child Victim 1."   Subject to these objections, Defendant states that, after Child Victim 1 took photographs of Plaintiff's vehicle's tag (see Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag) and reported the incident to Warren Santiago, her co-workers Angel Dillon and Boris Solar, and Assistant Manager Michael Roddy, Assistant Manager Michael Roddy made a telephone call to law enforcement.   (See Recording of 911 Call made by Assistant Manager Michael Roddy).   Once law enforcement arrived, law enforcement undertook an independent investigation. After law enforcement conducted their investigation, Assistant Manager Roddy gave Plaintiff a trespass warning, and banned Plaintiff from returning to the store.

14.

Explain with specificity any and all reasons which explain why Jane Doe reported allegations of sexual assault on October 4, 2021.

a.       Include the relevant timeline of events

b.       Include where Jane Doe was at the time of the alleged assault, including the make and model of the vehicle she was sitting in at the time

c.       Identify where Ms. Doe was located within the subject property parking lot, including proximity to the alleged perpetrator's-vehicle

d.       Provide in chronological order, the steps taken by Jane Doe after the alleged sexual assault

e.       Provide specific details about any conversation between Jane Doe and the alleged perpetrator on October 4, 2021

RESPONSE:  Defendant objects to Interrogatory No. 14 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel. Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.  Instead, Defendant will designate that person as "Child Victim 1."  Subject to these objections, Defendant states that Child Victim 1 alleges that she was flashed while she was in her car on her break in the Store's parking lot; that Plaintiff exposed his genitals her; that she took photographs of Plaintiff's vehicle's tag; and that Plaintiff then entered the Store. Child Victim 1 reported the incident to Warren Santiago, her co-workers Angel Dillon and Boris Solar, and Assistant Manager Michael Roddy, and Assistant Manager Michael Roddy made a

telephone call to law enforcement.  Once law enforcement arrived, law enforcement undertook an independent investigation. After law enforcement conducted their investigation, Assistant Manager Roddy gave Plaintiff a trespass warning, and banned Plaintiff from returning to the store. Defendant further produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.

- Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag

15.

Explain with specificity why Plaintiff was banned from the subject property.

RESPONSE:  Defendant objects to Interrogatory No. 15 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel. Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.  Instead, Defendant will designate that person as "Child Victim 1."  Subject to these objections, Defendant states that Child Victim 1 alleges that she was flashed while she was in her car on her break in the Store's parking lot; that Plaintiff exposed his genitals her; that she took photographs of Plaintiff's vehicle's tag; and that Plaintiff then entered the Store. Child Victim 1 reported the incident to Warren Santiago, her co-workers Angel Dillon and Boris Solar, and Assistant Manager Michael Roddy, and Assistant Manager Michael Roddy made a telephone call to law enforcement.  Once law enforcement arrived, law enforcement undertook their own investigation. After law enforcement conducted their investigation, Assistant Manager Roddy gave Plaintiff a trespass warning, and banned Plaintiff from returning to the Store to ensure

the safety of the customers and employees working at the Store.  Defendant further produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.
- Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag

16.

Explain with specificity any and all reasons Mr. Michael Roddy called the Forsyth County Sheriffs Office on October 4, 2021 to report an alleged sexual assault.

a. Provide any and all tangible evidence which supports your response to Question No. 16.

RESPONSE:  Defendant objects to Interrogatory No. 16 as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Interrogatory improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel. Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.  Instead, Defendant will designate that person as "Child Victim 1."  Subject to these objections, Defendant states that Child Victim 1 alleges that she was flashed while she was in her car on her break in the Store's parking lot; that Plaintiff exposed his genitals her; that she took photographs of Plaintiff's vehicle's tag; and that Plaintiff then entered the Store. Child Victim 1 reported the incident to Warren Santiago, her co-workers Angel Dillon and Boris Solar, and Assistant Manager Michael Roddy, and Assistant Manager Michael Roddy made a telephone call to law enforcement.  Once law enforcement arrived, law enforcement undertook an independent investigation. After law enforcement conducted their investigation, Assistant Manager Roddy gave Plaintiff a trespass warning, and banned Plaintiff from returning to the store.

Defendant further produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.

- Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

Any and all policies and procedures in effect from January 1, 2021 — October 4, 2021, for handling sexual assault allegations or investigations occurring at the subject property.

RESPONSE: Defendants object to Request No. 1 on the grounds that it is vague, overbroad, neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant also objects that this Interrogatory seeks sensitive confidential

proprietary business documents, trade secrets, and other protected intellectual

property of Defendant.  Subject to and without waiving said objections, Defendant

will produce, for use in the subject litigation only, and subject to a fully executed

Consent Protective Order (proposed order attached hereto as Exhibit A), its

confidential policies and procedures regarding criminal activity response.

2.

Any and all records, in whatever format, relied on by the Defendant to support any defense or anticipated defense in this action, including a list of witnesses and their contact information (address, phone number, and email address).

RESPONSE: Defendant objects to this Interrogatory as an improper "give me everything you have

request;" over broad; vague; and not reasonably calculated to lead to the discovery

of admissible evidence.   Defendant also objects because this Interrogatory

improperly seeks materials protected by the attorney-client privilege and the work-

product doctrine.  Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel.  Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store.  Instead, Defendant will designate that person as "Child Victim 1."   Subject to these objections, Defendant hereby produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.

- Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag

Defendant further identifies the following persons who may have knowledge relevant to this incident:

- Child Victim 1

- Warren Santiago

- Assistant Manager Michael Roddy

- Associate Angel Dillon

- Former Associate Boris Solar

3.

Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 between Plaintiff and Defendant employees.

RESPONSE: Defendant objects to this Request on the grounds that it requests information encompassing the work product of Defendant and its agents and attorneys and, as such, includes anticipation of litigation and trial preparation. The existence of video surveillance is not discoverable, as it is deemed impeachment evidence. Ballard v. Meyers, 275 Ga. 819, 572 S.E. 2d 572 (2002). Defendant further objects to this Request as being over broad, vague and not

reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Request improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Subject to said objection, Defendant produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.

- Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag

4.

Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 showing Jane Doe's whereabouts.

RESPONSE: Defendant objects to this Request on the grounds that it requests information encompassing the work product of Defendant and its agents and attorneys and, as such, includes anticipation of litigation and trial preparation. The existence of video surveillance is not discoverable, as it is deemed impeachment evidence. Ballard v. Meyers, 275 Ga. 819, 572 S.E. 2d 572 (2002). Defendant further objects to this Request as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Request improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Subject to said objection, Defendant produces:

- Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag

5.

Any and all audiovisual data of the events that occurred at the subject property on October 4, 2021 between Defendant employees and Forsyth County Sheriffs Office.

RESPONSE: Defendant objects to this Request on the grounds that it requests information encompassing the work product of Defendant and its agents and attorneys and, as such, includes anticipation of litigation and trial preparation. The existence of video surveillance is not

discoverable, as it is deemed impeachment evidence.  Ballard v. Meyers, 275 Ga. 819, 572 S.E. 2d 572 (2002). Defendant further objects to this Request as being over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects because this Request improperly seeks materials protected by the attorney-client privilege and the work-product doctrine.  Subject to said objection, Defendant produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.

6.

Produce a copy of the image or document which contains Plaintiffs vehicle license plate taken by Jane Doe on October 4, 2021.

RESPONSE: Defendant objects to Request No. 6 on the grounds that it is vague, over broad; and requests information protected by the attorney-client privilege and encompassing the work product of Defendant and its agents and attorneys and, as such, includes anticipation of litigation and trial preparation materials.  Subject to these objections, Defendant will produce the following:

- Photos taken by Child Victim 1 of Plaintiff's Vehicle's Tag

7.

Provide a copy of the receipt for the groceries purchased by Plaintiff at the subject property on October 4, 2021.

RESPONSE: Defendant objects to this Request because Defendant does not currently have a way of discerning which electronic journal record depicts Plaintiff's purchase, if any, at the Store on October 4, 2021.  If Plaintiff can provide additional information as to which register, what he purchased, form of payment, time of purchase, whether he used a particular credit card or debit card, Defendant can attempt to search for the record.  Defendant also objects because Plaintiff's receipt is, presumably, in Plaintiff's possession.

8.

The entire work file for the Walmart employee referred to as "Jane Doe", who reported the incident (this should include all sexual allegations or sexual complaints made by Jane Doe while employed at Walmart, as well as any sexually-based' complaints made against her).

RESPONSE: Defendant Wal-Mart objects to Request No. 8 as over broad, unduly burdensome, and seeking irrelevant information that is not likely to lead to the discovery of relevant evidence. Defendant Wal-Mart also objects to this Request to the extent it seeks confidential and/or private information and documents or requests production of attorney client privileged and/or work product documents.  With respect to personnel files and related documents, there exists a strong public policy against the disclosure of personnel files. Morton v. F.H. Paschen, Inc., Civ. A. No. 96-7179, 1998 WL 13270, at *3 (E.D.Pa. Jan.15, 1998) (quoting In re the One Bancorp Sec. Litig., 134 F.R.D. 4, 12 (D.Me.1991)).  At a minimum, before a court compels the production of non-party personnel files, it should first be satisfied that the information in those files is, indeed, relevant. "The mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file." Haselhorst v. Wal-Mart Stores, Inc., 163 F.R.D. 10, 11 (D.Kan.1995). Moreover, production of the files in their entirety should not be ordered where the relevant information may be obtained by resort to less intrusive means of discovery.  See, e.g., Sanchez v. City of Santa Ana, 936 F.2d 1027, 1034 (9th Cir.1990), cert. denied, 502 U.S. 957, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991); Alden v. Time Warner, Inc., 1995 WL 679238 *1 (S.D.N.Y. November 14, 1993); Giraudo v. Henkels & McCoy, Inc., 1993 WL 415613 *1 (D.Or., October 7, 1993); Held v. National R.R. Passenger Corp., 101 F.R.D. 420, 426 (D.D.C.1984).  See, e.g., Gehring v. Case Corp., 43 F.3d 340, 342- 43 (7th Cir.1994) (privacy interests was proper basis upon which to disallow counsel from "root[ing] through the personnel files."), cert. denied, 515

U.S. 1159, 115 S.Ct. 2612, 132 L.Ed.2d 855 (1995). These interests are not protected merely by entry of a confidentiality order. See Raddatz v. Standard Register Co., 177 F.R.D. 446, 447-448 (D.Minn.1997) (citing Orbovich v. Macalester College, 119 F.R.D. 411, 415 (D.Minn.1988); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994); Willis v. Golden Rule Insurance Co., 1991 WL 350038 *3 (E.D. Tenn., August 5, 1991)) ("In our considered view, the very act of disclosing an employee's sensitive and personal data is a highly, and frequently, an unnecessarily intrusive act--whether or not that disclosure is governed by the terms of a Confidentiality Order. The intrusiveness of the act rests in disclosure to anyone, and the fact that the information may not be openly publicized brings little comfort to the employee, whose most private confidences are needlessly divulged. In our view, to order the production of such non-party employee files--even under the restrictions of a Protective Order--is not a step which the Court should lightly undertake."). As a consequence, a party seeking the discovery of personnel information must demonstrate, notwithstanding the breadth of discovery, that the value of the information sought would outweigh the privacy interests of the affected individuals. See Whittingham v. Amherst Coll., supra at 127-28; Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994).

9.

Any and all records of calls placed by Defendant, including its agents, assigns, and employees, to Forsyth County Sheriff's Office regarding sexual assault or lewd behavior occurring on the property between January 1, 2021, to October 4, 2021.

RESPONSE: Defendant strenuously objects to Request No. 9 on the grounds that it is vague; over broad; seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and seeks information concerning incidents and transactions involving third persons (including victims of

sex crimes) who are in no way connected to the subject litigation.  Defendant also objects that this Request invades the privacy of third parties (including victims of sex crimes) unconnected to this litigation by seeking their sensitive personal identifying information.  Defendant objects to producing personal identifying information of its employees or agents, and Defendant's employees or agents may only be contacted through undersigned counsel.  Subject to and without waiving said objections, Defendant produces the following:

- Recording of 911 Call made by Assistant Manager Michael Roddy.

## 10.

Any and all policies and procedures for banning a shopper from the subject property.

RESPONSE:  Defendant objects to Request No. 10 on the grounds that it is vague, overbroad, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects that this Interrogatory seeks sensitive confidential proprietary business documents, trade secrets, and other protected intellectual property of Defendant.  Subject to and without waiving said objections, Defendant will produce, for use in the subject litigation only, and subject to a fully executed Consent Protective Order (proposed order attached hereto as Exhibit A), its confidential policies and procedures regarding trespassing customers.

## 11.

Provide a copy of the vehicle registration for Jane Doe's vehicle that she owned or drove to the subject premises on October 4, 2021.

RESPONSE: Defendant objects to this Request as vague, over broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to

and without waiving these objections, Defendant states that Defendant is not in possession of such a document.

12.

Provide a copy of the vehicle registration for the vehicle that Jane Doe was sitting in at the time of the alleged sexual assault on the subject premises on October 4, 2021.

RESPONSE: Defendant objects to this Request as vague, over broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant states that Defendant is not in possession of such a document.

13.

Any and all policies related to video retention policies in effect on October 4, 2021.

RESPONSE: Defendant objects to Request No. 13 on the grounds that it is vague, overbroad, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that this Interrogatory seeks sensitive confidential proprietary business documents, trade secrets, and other protected intellectual property of Defendant. Subject to and without waiving said objections, Defendant will produce, for use in the subject litigation only, and subject to a fully executed Consent Protective Order (proposed order attached hereto as Exhibit A), its confidential CCTV policies.

14.

Any and all records related Walmart Ethics Case Number WMT211007819 including audio recordings, notes, or tangible documents.

RESPONSE: Defendant objects to Request No. 14 on the grounds that it is vague; over broad; and

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this Request improperly seeks materials protected by the attorney-client privilege and the work-product doctrine. Defendant objects to producing personal identifying information of its employees, and Defendant's employees may only be contacted through undersigned counsel. Defendant also objects to producing the name and contact information for the minor victim that is currently an employee of the Store. Instead, Defendant will designate that person as "Child Victim 1." Subject to and without waiving said objections, Defendant is still gathering this information, and will provide a supplemental response with appropriate supplemental objections (if necessary) once that material is reviewed by counsel.

McLAIN & MERRITT, P.C.

Nicholas E. Deeb
Georgia Bar No. 117025
Jacob D. Davis
Georgia Bar No. 382586
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4514
(404) 364-3138 (fax)
ndeeb@mmatllaw.com
jdavis@mmatllaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANT WAL-MART STORE EAST, LP.'S ANSWERS TO PLAINTIFF'S INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS** upon counsel for all parties by email and depositing same in the United States Mail in envelopes with sufficient postage affixed thereon to ensure delivery addressed as follows:

Angelik Edmonds
Edmonds Law Office of Civil Rights, LLC
691 John Wesley Dobbs Avenue NE
Suite V-17
Atlanta, GA 30312
angie@aedmondslaw.com

This the 21st day of April, 2022.

McLAIN & MERRITT, P.C.

Nicholas E. Deeb
Georgia Bar No. 117025
Jacob D. Davis
Georgia Bar No. 382586
Attorneys for Defendant
WAL-MART STORES EAST LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)

# EXHIBIT 3



**Attorney Angelik Edmonds** <angie@aedmondslaw.com>                    Wed, Apr 27, 2022 at 12:10 PM
To: "Nicholas E. Deeb" <ndeeb@mmatllaw.com>
Cc: Paula Rainford <admin@aedmondslaw.com>, "Jacob D. Davis" <jdavis@mmatllaw.com>

Nic,

Please confirm if the mutual protective order is agreeable.  Defendants' discovery responses are currently deficient in many ways.  Notably, some of Defendants' responses are contingent upon the execution of the consent protective order (Interrogatorie 10, ROG 11, RPD 1, RPD 10, RPD 13).  Plea e let me know if you would like for my office to file it today.  If not, please file it by COB today.

Interrogatory #1
Defendant have failed to provide the child victim' name and contact information.  Undoubtedly, Plaintiff will be unable to complete an investigation without her name.  Plaintiff will need Jane Doe's contact information to serve various subpoenas upon her, especially in light of Defendant's refusal to provide information responsive to RPDs #11 and #12.

Defendant have imilarly failed to produce the contact information for former a ociate Bori Solar. Mr. Solar i no longer an employee of Walmart.  Defendant has no basis to withhold his contact information.

RPD #8
Defendant have failed to produce Jane Doe' employment file. Plaintiff ha a di coverable intere t in her employment record given that there is an allegation that the victim has made prior false allegations against other black men.  Plaintiff is not required to simply take "Defendants' word for it" as asserted in their responses to interrogatories.

RPD #14
Deficient Response.  Defendant has failed to produce relevant information in its custody.

Please note that this email is an attempt to resolve an ongoing discovery dispute, pursuant to 6.4.  If Defendant fails to upplement it di covery reque t by COB on April 9, o , Plaintiff will file a motion to compel, a king the Court to reimburse his attorney's fees.
[Quoted text hidden]
[Quoted text hidden]



Disciplinary Action spreadsheet

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                      )
                                     )
                                     )
         Plaintiff,                  )
                                     )
v.                                   )
                                     )
                                     )        Civil Action No. 22SC-0345-A
WALMART STORE EAST LP,               )
SUPERCENTER #7185                    )
                                     )
                                     )
                                     )
                                     )        JURY TRIAL DEMANDED
         Defendant.                  )
_____       )


**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
DISCOVERY PURSUANT TO O.C.G.A § 9-11-37**


        Plaintiff having moved this Court for a Proposed Order Granting Plaintiff's Motion to

Compel Discovery Pursuant to O.C.G.A § 9-11-37, and Plaintiff having complied with all

requirements, Plaintiff's Motion to Compel Discovery Pursuant to O.C.G.A § 9-11-37 is hereby

GRANTED.  Plaintiff's request for attorney's fees is hereby GRANTED.


So ordered this _____ day of May, 2022.



                                   _____
                                   Judge, State Court of Forsyth County

E: angie@aedmondslaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                          )
                                         )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )
                                         )
                                         )   Civil Action No. 22SC-0345-A
WALMART STORE EAST LP,                   )
SUPERCENTER #7185                        )
                                         )
                                         )
                                         )
                                         )   JURY TRIAL DEMANDED
        Defendant.                       )
_____)


**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
DISCOVERY PURSUANT TO O.C.G.A § 9-11-37**


        Plaintiff having moved this Court for a Proposed Order Granting Plaintiff's Motion to

Compel Discovery Pursuant to O.C.G.A § 9-11-37, and Plaintiff having complied with all

requirements, Plaintiff's Motion to Compel Discovery Pursuant to O.C.G.A § 9-11-37 is hereby

GRANTED.  Plaintiff's request for attorney's fees is hereby GRANTED.


So ordered this _____ day of May, 2022.


                                         _____
                                         Judge, State Court of Forsyth County

E: angie@aedmondslaw.com

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**

**Judge Leslie Abernathy-Maddox**
**MAY 06, 2022 03:02 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                          )
                                         )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )
                                         )
                                         )     Civil Action No. 22SC-0345-A
WALMART STORE EAST LP,                   )
SUPERCENTER #7185                        )
                                         )
                                         )
                                         )
                                         )     JURY TRIAL DEMANDED
        Defendant.                       )
_____  )


## CERTIFICATE OF SERVICE


This is to certify that on this day I have served the opposing party's counsel of record with this PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY PURSUANT TO O.C.G.A § 9-11-37 via Statutory Electronic Service via email to Nicholas E. Deeb at ndeeb@mmatllaw.com.


DATE: May 6, 2022

Respectfully submitted,

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Plaintiff
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
135 Auburn Avenue
Suite #B Atlanta, Georgia 30303
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**
**Judge Leslie Abernathy-Maddox**
**MAY 16, 2022 01:56 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

SOLOMON DARDEN,

        Plaintiff,

v.

WALMART STORES EAST LP,
SUPERCENTER #7185,

        Defendant.

_____/

Civil Action File No.
22SC-0345-A

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR IN CAMERA INSPECTION
### OF PROTECTED RECORDS, AND DEFENDANT'S CORRESPONDING MOTION FOR PROTECTIVE ORDER

### INTRODUCTION

On October 4, 2021, Child Victim 1, a minor employee at the Walmart in Cumming, Georgia, reported that a man exposed his genitalia to her in the parking lot. She took pictures of the man's vehicle and tag number while he was operating the vehicle before the man entered the Store. (Exhibit "A," Child Victim 1's Pictures of Perpetrator's Vehicle). She reported the incident to her boyfriend, co-workers, and Assistant Manager Michael Roddy. With the man and his vehicle still present at the Store, Roddy called 911. The Forsyth County Sheriff's Office responded, and, based on the tag number, made contact with the owner of the vehicle—Plaintiff Solomon Darden—in the parking lot. (Exhibit "B," Plaintiff's Picture of his

Vehicle, produced in discovery by Plaintiff). Plaintiff alleges that he was falsely imprisoned when the Forsyth Sheriff's Office deputies responded to the scene of the Walmart, and Plaintiff has sued Walmart in this litigation for false imprisonment.

Plaintiff filed a Motion for In Camera Inspection of Protected Records on or about April 16, 2022, seeking records for three incidents from the Forsyth County Sheriff's Office:

(1) The subject incident with Child Victim 1 described above on October 4, 2021;

(2) A prior incident of lewd behavior/flashing by a different perpetrator toward Child Victim 2 (a different minor employee of Walmart) at the Walmart on May 18, 2021; and

(3) A subsequent incident of lewd behavior/flashing by a different perpetrator toward Child Victim 3 (an unknown minor customer) at the Walmart on November 2, 2021.

Only Plaintiff's incident on October 4, 2021 is relevant and reasonably calculated to lead to the discovery of admissible evidence in this case. The prior and subsequent incidents involve different perpetrators and different victims. Given the protections afforded to minor victims of sexual crimes by O.C.G.A. § 49-5-40(b), and the harm that would be perpetuated upon Child Victims 2 and 3 should they be summoned to answer questions and discovery as to these unrelated incidents,

Defendant opposes Plaintiff's Motion as to those incidents.  Defendant respectfully asks the Court to deny the subpoena after the Court conducts its *in camera* inspection as to the prior and subsequent incidents.

As to Plaintiff's incident, the parties are in agreement that the Forsyth County Sheriff's records are important documents necessary for this litigation.  Defendant and Plaintiff have conferred and agreed to a proposed Consent Protective Order (attached hereto as Appendix "A") related to Plaintiff's incident such that these materials will only be used in this litigation; will not be disseminated or published outside the terms of the proposed Consent Protective Order; the name, personal identifying information, and contact information of the child victim will be redacted by the Court so that the child victim will be referred to as Child Victim 1 and otherwise kept confidential; and any filing of this material in this litigation will be submitted under seal.

The parties disagree, however, as to whether Plaintiff and Plaintiff's counsel should be allowed to learn the identity and contact information for the Child Victim 1 (or the other Child Victims).  Plaintiff seeks to discover the identities and contact information for the Child Victims.  In opposition, Walmart seeks a protective order from the Court so no one outside of the Court, including Plaintiff and Plaintiff's counsel, will be provided with the identities and contact information for the Child Victims including Child Victim 1.

<u>ARGUMENT AND CITATION TO AUTHORITY</u>

Under Georgia law, "[e]ach and every record concerning reports of child abuse and child controlled-substance or marijuana abuse which is in the custody of the department, other state or local agency, or child advocacy center is declared to be confidential, and access thereto is prohibited except as provided in Code Sections 49-5-41 and 49-5-41.1." O.C.G.A. § 49-5-40(b).

A trial court in its discretion, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense [.]" OCGA § 9–11–26(c). In addition, Georgia's evidence code defines "relevant evidence" as having, "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." O.C.G.A. § 24-4-401. Finally, "[a] trial court has wide discretion in entering orders to prevent the use of discovery directed to irrelevant or immaterial matter." <u>Atlanta Journal-Constitution v. Jewell</u>, 251 Ga. App. 808, 812 (2001).

In the present case, Plaintiff alleges that the Forsyth County Sheriff's Office holds records concerning the investigation of three incidents of alleged sexual crimes against minors which occurred on Defendant's premises in May, October, and

November of 2021. The incidents involved different males exposing their penises to different minor children.  These records are statutorily made confidential to protect the privacy interests of minor victims.   These minor victims deserve for that protection to continue.  With regard to Child Victim 1, who is still an associate working at Walmart, Child Victim 1 is scared of what Plaintiff will do with her information should he learn her identity, her contact information, and where she lives.  Child Victim 1's family is also fearful for the same reasons.  None of the minor victims are parties to this litigation—instead, they are non-parties.

Walmart has an interest in protecting its employees, Child Victim 1 and Child Victim 2, and its customer, Child Victim 3, from reasonable fear of further threat, intimidation, embarrassment, harassment, and physical, mental, and psychological harm.   For these reasons, Walmart asks the Court to issue the agreed-to proposed Consent Protective Order to allow the parties to obtain the Sheriff's documents as to Plaintiff's incident only after *in camera* review **and**, further, enter a protective order maintaining the confidentiality for Child Victim 1's identity and contact information by way of redaction during the *in camera* review so that the identity and contact information of Child Victim 1 is not disclosed to Plaintiff or Plaintiff's counsel.

Georgia law allows this Court to "employ its sound discretion in determining whether or not a pseudonym may be used, considering the effects of such decision on the rights of the individual parties and considering the right of the public to open

judicial proceedings." <u>Doe v. Archdiocese of Atlanta</u>, 328 Ga. App. 324, 331 (2014). "In so doing, the ultimate test is whether the [person] has a 'substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" <u>Id</u>. In making this determination, the Court can consider many factors, including, but not limited to, the following:

(1) Whether the lawsuit involves matters of sensitive and highly personal nature;

(2) Whether the person or an innocent non-party risks suffering physical or psychological harm if the person is identified, taking into consideration the age of the plaintiff; and

(3) Whether the person's anonymity imposes a risk of fundamental unfairness to the opposing party.

<u>Id</u>. at 331.

Here, the facts strongly support allowing the child victims to maintain their anonymity. First, the child victims are non-parties. None of them, including Child Victim 1, is a defendant or plaintiff in this case. For that reason, the Georgia requirement that "**<u>parties</u>** disclose their names in judicial pleadings" does not appear to apply. <u>Id</u>. at 328 (emphasis added).

Second, child victims have "a substantial privacy right" that is provided to them by O.C.G.A. §§ 49-5-40(b) and 49-5-41(a)(11) to prevent disclosure to the

public records of child abuse absent an *in camera* review.  O.C.G.A. § 49-5-41(a)(11) provides:

> A court, by subpoena that is filed contemporaneously with a motion seeking records and requesting an in camera inspection of such records, **may** make such records available to a party seeking such records when: (A) Such motion is filed; (B) Such motion is served: (i) on all parties to the action; (ii) on the department or other entity that has possession of such records, as applicable; and (iii) in matters other than a dependency proceeding or a civil proceeding wherein there is no related pending criminal investigation or prosecution of criminal or unlawful activity, on the prosecuting attorney, as applicable; and (C) After an in camera inspection of such records, the court finds that access to such records appears reasonably calculated to lead to the discovery of admissible evidence.

(emphasis added).  The clear purpose for an *in camera* review and the discretion provided to the Court in determining whether, and how, the records are accessed by the parties is to protect the privacy interests of minor victims.  For that reason, Walmart argues that the Court should craft the access to the records for Plaintiff's Incident in such a way so as to minimize the incursion on Child Victim 1's privacy interests that are provided by the statute.

Third, as evidenced by O.C.G.A. § 49-5-40(b) itself, this lawsuit involves sensitive and highly personal information—namely, that particular child victims were victimized in certain lewd ways.

Fourth, under the circumstances outlined above, Child Victim 1 and the family of Child Victim 1 have reasonable apprehension of Child Victim 1 suffering physical or psychological harm if Child Victim 1 is identified.

Page 7

Fifth, Plaintiff has not shown that the anonymity of Child Victim 1 would pose any risk of fundamental unfairness to Plaintiff. At this stage in discovery, the Court could maintain the anonymity of Child Victim 1 and allow the parties to otherwise obtain the Forsyth County Sheriff's records. These records—including body cam footage—may prove to be dispositive of Plaintiff's claims, and, thus, prevent unnecessary exposure of Child Victim 1.

For these reasons, Defendant Walmart requests that the Court enter the agreed-to Consent Protective Order as to Plaintiff's incident; conduct an *in camera* review of the Forsyth County Sheriff's records of Plaintiff's incident; redact Child Victim 1's name and contact information so that she is only referred to as Child Victim 1; and otherwise maintain the confidentiality of Child Victim 1 even from Plaintiff and Plaintiff's counsel at this time.

With regard to the prior and subsequent incidents, Defendant objects that these records are not relevant and not reasonably calculated to lead to the discovery of admissible evidence under O.C.G.A. § 49-5-40(b) so as to justify stripping Child Victims 2 and 3 of the protections of that statute from disclosure of those records. These incidents involved different child victims and different perpetrator(s). The subsequent incident did not even involve a Walmart employee in the incident or the 911 call. Under these circumstances, Plaintiff's Motion should be denied as to the prior and subsequent incident.

"A trial court has wide discretion in entering orders to prevent the use of discovery directed to irrelevant or immaterial matter." Atlanta Journal-Constitution v. Jewell, 251 Ga. App. 808, 812 (2001).  As a general rule, a party's conduct with regard to the incident at issue may be proved only by the facts of that incident.  Royal v. Ferrellgas, Inc., 254 Ga. App. 696, 702-703 (2002); Goss v. Total Chipping, Inc., 220 Ga. App. 643, 644 (1996).  "The courts of this State have consistently held that in controversies between two persons regarding a given subject-matter, evidence as to what occurred between one of them and a third person with reference to a similar, though entirely distinct transaction is irrelevant." Kamensky v. So. Oxygen Supply, 127 Ga. App. 343 343-344 (1972) (citing Merchants' Nat'l Bank of Rome v. Greenwood, 113 Ga. 306 (1901); Quinton v. Peck, 195 Ga. 299 (1943); Ga. Power Company v. Brooks, 207 Ga. 406 (1950); Pinkerton, etc. Detective Agency, Inc. v. Stevens et al., 108 Ga.App. 159 (1963)); Bramblett v. Bass, 189 Ga. App. 10, 10 (1988). In addition to having the potential for prejudicing the jury, a party's previous acts or its general character for carelessness have no probative value and are not admissible.  Id.  "Notice of one defect or of one fact is not notice of another wholly unconnected defect or fact, even though the two may be similar in nature." Denmon v. Rich's, Inc., 103 Ga. App. 818, 819 (1961) (citing Jackson v. Thom, 80 Ga. App. 673 (1950)). In order to avoid the general rule, Plaintiff bears the burden to come forward with evidence that "the conditions of the things compared be substantially

similar." <u>Sparks v. Pine Forest Enters., Inc.</u>, 174 Ga. App. 598, 599 (1985) (quoting

<u>Carlton Co. v. Poss</u>, 124 Ga. App. 154, 155 (1971)); <u>Greene v. Piedmont Janitorial</u>

<u>Servs., Inc.</u>, 220 Ga. App. 743, 743-744 (1996). "Without a showing of substantial

similarity, the evidence is irrelevant as a matter of law and there is nothing upon

which the court's discretion can operate." <u>Sparks</u> at 599 (holding prior accident

inadmissible because "accidents occurring more than two months previously

involving a different person under different conditions of surface and lighting and at

a different address apparently some considerable distance away" not sufficiently

similar) (physical precedent).

Thus, the proponent of "other incident" evidence must clear three hurdles to

avoid the general rule of non-admissibility: (1) the prior incident must be

substantially similar so as to be, (2) offered for a permissible reason that is relevant,

material, and probative to an issue in litigation, and (3) the prior incident must not

"place too great a danger of undue consumption of time, confusion of issues, undue

prejudice, or unfair surprise."  <u>Goss</u>, 220 Ga. App. at 644; O.C.G.A. § 24-4-403;

<u>Willett v. Stookey</u>, 256 Ga. App. 403 (2002). "The prior incident must have been

sufficiently similar to the event in question that the occurrence of the prior incident

naturally would draw the party's attention to the same defect or condition that is

claimed to have caused injuries in the subject case."  Georgia Rules of Evidence §

11:9 (citing <u>Vega v. La Movida, Inc.</u>, 294 Ga. App. 311, 670 S.E.2d 116 (2008) (fact

that prior events, while in general area, were not on defendant's property made them insufficiently similar—"generally it … is not permissible, for the purposes of establishing whether a condition at <u>one place</u> is dangerous, to show conditions <u>at places other than the one in question</u>"); <u>Norfolk Southern Ry. Co. v. Thompson</u>, 208 Ga. App. 240, 430 S.E.2d 371 (1993) (premises liability: <u>prior slip and fall incidents in specific area</u> were proof that owner had notice of dangerous condition).

In the present case, Plaintiff seeks discovery of one prior incident and one subsequent incident of lewd conduct/flashing of a minor at the Walmart, but neither of these incidents has anything to do with the issues involved in Plaintiff's lawsuit against Walmart for his incident.

First, Plaintiff has failed to sufficiently demonstrate how these other alleged incidents are substantially similar to the one at issue. As stated above, and as the Court will observe upon *in camera* review, the prior and subsequent incidents involved different child victims and different perpetrator(s).

Second, Plaintiff has failed to evidence that discovery of these other incidents would be probative, relevant, or otherwise material to the case at hand. Plaintiff alleges that these investigative files will reveal the identity or the description of the perpetrator in the two other incidents at Defendant's Store. Plaintiff speculated that uncovering this unidentified male's (or males') description will have some bearing as to whether Walmart racially profiled the Plaintiff. Defendant finds no logical

connection between these two aims. Knowing the description of these previous child abusers has no bearing as to whether Child Abuse Victim 1 falsely reported sexual misconduct on the part of Plaintiff on the date of the incident, nor do these previous incidents demonstrate that Defendant's associates did anything wrong with regard to Plaintiff's incident.

Further, Plaintiff's request is unduly prejudicial and confuses the issues before the Court. As stated previously, these investigative materials held by the Forsyth County Sherriff's Office are, by law, confidential and are afforded a high level of scrutiny prior to their production. Plaintiff and Defendant have already entered into a Consent Protective Order to subpoena and obtain the investigative files from the Forsyth County Sheriff's Office regarding the actual incident at issue in this case. Defendant argues that this request by Plaintiff for two other irrelevant incidents is premature given that this Court has yet to conduct it's in-camera inspection of the previously mentioned records. Once this Court determines whether the documents containing evidence of the actual events in this case are reviewed, this Court would then be in a better position to determine whether these other similar incident records required production by the Forsyth County Sheriff's Office.

In addition, if this discovery is permitted and Plaintiff offers evidence of other these other incidents at trial, the Court then must determine whether each such case is admissible. This exercise will include an assessment of substantial similarity and

application of O.C.G.A. § 24-2-403 as to issues of prejudice, confusion, and waste of time. In other words, there will be a series of mini-trials required to evaluate the admissibility of the otherwise completely unrelated cases and possibly confuse the jury.[1]  Defendant submits that an *in camera* review of the prior and subsequent incidents will convince the Court that they are not relevant to Plaintiff's suit and not reasonably calculated to lead to the discovery of admissible evidence so as to justify lifting the protections afforded by O.C.G.A. §  49-5-40(b) for Child Victims 2 and 3.

Child Victims 2 and 3 were not involved in Plaintiff's incident, and, to Defendant's knowledge, have not been accused by anyone of making false reports or racial profiling.  As such, Defendant Walmart respectfully requests that the Court deny Plaintiff's Motion as to the prior and subsequent incidents, and enter a protective order as to the same.

## **CONCLUSION**

For these reasons, Defendant Walmart prays that the Court:

---

[1] See Dowdy v. GEICO General Insurance Company, Case No. 4:16-CV-303 (CDL), 2017 WL 10765264, at *2-4 (M.D. Ga. June 30, 2017) (denying plaintiff's motion to compel discovery of other similar incidents as plaintiff's request was disproportionate, would "expand a garden variety bad-faith claim into a series of mini-trials involving other claims by other insureds with other injuries and other policy limits," "lead to a significant burden on Defendant and will substantially expand this litigation.").

1. Enter the agreed-to Consent Protective Order as to Forsyth County Sheriff's Office records for Plaintiff's incident;

2. Conduct an *in camera* review as to the records for Plaintiff's incident, and redact the name and personal information of Child Victim 1;

3. Enter a protective order to prevent disclosure of Child Victim 1's identity to Plaintiff or Plaintiff's counsel at this time;

4. Following in camera review and redaction, allow production to the parties of the records of Plaintiff's incident pursuant to the Consent Protective Order; and

5. After an in camera review, deny Plaintiff's Motion as to the prior and subsequent incidents, and enter a protective order as to the same.

Respectfully submitted,

McLain & Merritt, P.C.

/s/ Nicholas E. Deeb_____
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326-3240
404.365.4535
ndeeb@mmatllaw.com

Page 14

<u>CERTIFICATE OF COUNSEL</u>

I, Nicholas E. Deeb, hereby certify pursuant to Uniform State Court Rule 6.4, that I conferred and attempted in good faith to confer with Plaintiff's counsel to regarding the discovery dispute described above.  Despite these good-faith efforts, this discovery dispute has not been completely resolved.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb_____
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326-3240
404.365.4535

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on this day, I electronically filed DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR IN CAMERA INSPECTION OF PROTECTED RECORDS, AND DEFENDANT'S CORRESPONDING MOTION FOR PROTECTIVE ORDER with the Clerk of Court using the Odyssey e-file system which will automatically send email notifications of such filing to attorneys of record, as well as Paul Menair, Liebel Law, Folger House, 3619 S. Chestatee, Dahlonega, GA 30533, paul@leibel.com, Attorney for Forsyth County Sheriff's Office.

This 16th day of May 2022.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb____
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326-3240
404.365.4535
ndeeb@mmatllaw.com



Exhibit A: Child Victim 1's Pictures of Perpetrator's Vehicle

Page 2 of 3







Exhibit B: Plaintiff's Picture of his Vehicle

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                                    Civil Action File No.
                                                          22SC-0345-A
            Plaintiff,

v.

WALMART STORES EAST LP,
SUPERCENTER #7185,

            Defendant.
_____/

## CONSENT PROTECTIVE ORDER

By agreement of the parties, and for good cause, the Court finds that a protective order should be entered pursuant to OCGA § 9-11-26(c) and §  49-5-41(a)(11) for the purpose of protecting the minor victim of a sexual crime from the publication of their name, contact information, and personal identifying information in the records of Forsyth County Sheriff's Office case number 2021-10-0202 (involving Plaintiff Solomon Darden) and any related 911 records of any kind (referred to as "the Confidential Records").  As such, the Court orders as follows:

1.

The names, contact information, and personal identifying information of all purported victims of alleged crimes contained in the Confidential Records shall be

1

APPENDIX A

redacted such that "Child Victim 1" shall be inserted in the place of the victim's name.  The Confidential Records shall be used only in the course of the above-captioned proceedings.  The Confidential Records shall not be used, or provided for use, in any other litigation or proceedings; and shall not be published (orally, electronically, or by any other means) to any person, except as designated herein.

2.

Any counsel of record in this action may disclose the Confidential Records and information to their employees to whom it is necessary that the material be disclosed for purposes of this litigation. The counsel making such a disclosure must ensure that the individual has read a copy of this Protective Order and agrees to be bound by its provisions.

3.

Before receiving access to any materials or information within the scope of this Order, any person not employed by a party or its counsel shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto.  All parties and their respective counsel who permit access to the Confidential Records to such a person shall retain each such executed "Written Assurance" and shall keep a list identifying all persons described in this paragraph to whom protected documents have been disclosed.

4.

Each party agrees that before filing with the Clerk of Court any paper (including, without limitation, an affidavit, memorandum, or motion) that discloses, directly or indirectly, all or part of the Confidential Records, such paper shall be filed under seal pursuant to the procedures set forth in Uniform State Court Rule 21.6(D).

5.

Upon conclusion of this action, counsel for each party who has received the Confidential Records shall be responsible for ensuring that the original and all copies made are stored in a manner that ensures their continued protection pursuant to this Order, until such time as the original and all copies made have been destroyed.

6.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom the Confidential Records or information contained therein have been communicated or disclosed pursuant to this Order or to any other order of this Court.

7.

If any violation of this Order occurs, the Court may determine the penalties, including contempt of Court, and any other sanctions that the Court finds appropriate under the circumstances.

SO ORDERED this _____ day of _____, 2022.


_____
The Honorable Leslie Abernathy-Maddox
Judge, State Court of Forsyth County


Consented to by:

| | |
|---|---|
| Edmonds Law Office of Civil Rights, LLC | McLain & Merritt, P.C. |
| | |
| /s/ Angelik Edmonds | /s/ Nicholas E. Deeb____ |
| (by express permission NED) | Nicholas E. Deeb |
| Angelik Edmonds | Georgia Bar No. 117025 |
| Georgia Bar No. 650757 | Attorney for Defendant |
| 691 John Wesley Dobbs Avenue NE | 3445 Peachtree Road, N.E. |
| Suite V-17 | Suite 500 |
| Atlanta, GA 30312 | Atlanta, GA 30326-3240 |
| angie@aedmondslaw.com | 404.365.4535 |
| | ndeeb@mmatllaw.com |

4

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                                    Civil Action File No.
                                                                      22SC-0345-A
                    Plaintiff,

v.

WALMART STORES EAST LP,
SUPERCENTER #7185,

                    Defendant.
_____/


## EXHIBIT "A" -- WRITTEN ASSURANCE


AFFIDAVIT OF _____

(printed name), being duly sworn and personally appearing before the undersigned

attesting officer, duly authorized by law to administer oaths, deposes and says that

the within statements are true and correct:

### 1.

I have read the Consent Protective Order attached hereto and I understand its

terms and meanings.

### 2.

I agree that my signature below submits me to the jurisdiction of the State

Court of Forsyth County, Georgia, in which the above-styled matter is pending,

and binds me to the provisions of the Consent Protective Order, including to all

1

promises undertaken in the Order, as if originally agreed to by me.

     FURTHER AFFIANT SAYETH NOT.

     This _____ day of _____, 20_____.


                                  Signature: _____


_____ County

State of

SUBSCRIBED AND SWORN to before me

this _____ day of _____, 20\_\_\_\_\_.


_____
NOTARY PUBLIC
My Commission Expires:

2

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**
Judge Leslie Abernathy-Maddox
APR 21, 2022 09:29 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                                   Civil Action File No.
                                                 22SC-0345-A
            Plaintiff,

v.

WALMART STORE EAST LP, SUPERCENTER #7185,

            Defendant.

_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1)     DEFENDANT'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

                        McLAIN & MERRITT, P.C.


                         /s/   Nicholas E. Deeb
                         Nicholas E. Deeb
                         Georgia Bar No. 117025
                         Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the <u>21st</u> day of April, 2022.

McLAIN & MERRITT, P.C.


<u>/s/   Nicholas E. Deeb</u>
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**

**Judge Leslie Abernathy-Maddox**
APR 25, 2022 01:48 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

# EDMONDS LAW OFFICE OF CIVIL RIGHTS LLC

—— I'm for justice, no matter who it's for or against ——

www.aedmondslaw.com | p: 678-404-1239 | f: 678-623-9090 | e: info@aedmondslaw.com

TO:         All Judges, Clerks of Court and Counsel of Record

FROM:    Angelik Edmonds

RE:         NOTICE OF CHANGE OF ADDRESS, CAFN: 22SC-0345-A

Date:      April 25, 2022

**COMES NOW** Edmonds Law Office of Civil Rights LLC and respectfully notifies all

Judges before whom cases are pending, all affected Clerks of Court, and all Opposing Counsel,

that effective May 1, 2022, the new address for the Firm will be:

> Edmonds Law Office of Civil Rights LLC
> 135 Auburn Ave Suite #B
> Atlanta, GA 30303

**All future correspondence, service of pleadings, and other documents submitted in hard copy should be directed to the aforementioned address.**

Respectfully submitted, this 25th day of April 2022.

Respectfully submitted,

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Solomon Darden
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
691 John Wesley Dobbs Avenue NE
Suite V-17 Atlanta, Georgia 30312
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**

**Judge Leslie Abernathy-Maddox**
**APR 25, 2022 01:48 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SOLOMON DARDEN, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | )   Civil Action No. 22SC-0345-A |
| WALMART STORE EAST LP, | ) |
| SUPERCENTER #7185 | ) |
| | ) |
| | ) |
| | ) |
| | )   JURY TRIAL DEMANDED |
| Defendant. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

This is to certify that on this day I have served the opposing party's counsel of record with this NOTICE OF CHANGE OF ADDRESS via Statutory Electronic Service via email to Nicholas E. Deeb at ndeeb@mmatllaw.com and Paul Menair at paul@leibel.com.

Respectfully submitted this April 25, 2022.

Respectfully submitted,

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Solomon Darden
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
691 John Wesley Dobbs Avenue NE
Suite V-17 Atlanta, Georgia 30312
O: 678-404-1239

F: +1 678-623-9090
E: angie@aedmondslaw.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**

**Judge Leslie Abernathy-Maddox**
**APR 26, 2022 09:01 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

# EDMONDS LAW OFFICE OF CIVIL RIGHTS LLC

—— I'm for justice, no matter who it's for or against ——

www.aedmondslaw.com | p: 678-404-1239 | f: 678-623-9090 | e: info@aedmondslaw.com

TO:            All Judges, Clerks of Court and Counsel of Record

FROM:        Angelik Edmonds

RE:            NOTICE OF LEAVE OF ABSENCE

Date:          April 26, 2022

---

**COMES NOW** Angelik Edmonds and respectfully notifies all judges before whom she has cases pending, all affected clerks of court, and all opposing counsel, that she will be on leave pursuant to Georgia Uniform Court Rule 16.2.

1. The periods of leave during which leave time she will be away from the practice of law is:

**June 20-July 1; September 21-September 30, November 23-25, December 23-30.**

The purpose of this leave is for personal leave, vacation, and holidays.

2. All affected judges and opposing counsel shall have ten days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

This 26th day of April 2022.

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Solomon Darden
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
691 John Wesley Dobbs Avenue NE
Suite V-17 Atlanta, Georgia 30312
O: 678-404-1239

# EDMONDS LAW OFFICE OF CIVIL RIGHTS LLC

—— I'm for justice, no matter who it's for or against ——

www.aedmondslaw.com | p: 678-404-1239 | f: 678-623-9090 | e: info@aedmondslaw.com

F: +1 678-623-9090
E: angie@aedmondslaw.com

691 John Wesley Dobbs Avenue NE, Suite V-17, Atlanta, Georgia 30312

EDMONDS LAW OFFICE OF CIVIL RIGHTS LLC

— I'm for justice, no matter who it's for or against —

www.aedmondslaw.com | p: 678-404-1239 | f: 678-623-9090 | e: info@aedmondslaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing Notice of Leave of

Absence upon all judges, clerks and opposing counsel, listed on the attached Exhibit A via

electronic filing and the Odyssey e-Filing system and email.

Hon. Leslie Abernathy-Maddox
State Court of Forsyth County

Paul Menair
paul@leibel.com

Nicholas E. Deeb, Esq.
ndeeb@mmatllaw.com

This 26th day of April 2022.

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Solomon Darden
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
691 John Wesley Dobbs Avenue NE
Suite V-17 Atlanta, Georgia 30312
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com

# EDMONDS LAW OFFICE OF CIVIL RIGHTS LLC

—— I'm for justice, no matter who it's for or against ——

www.aedmondslaw.com | p: 678-404-1239 | f: 678-623-9090 | e: info@aedmondslaw.com

EXHIBIT A

| Name of Case & Case Number | Name of Judge Court/County | Opposing Counsel |
|---|---|---|
| Darden v. Walmart Store East LP.  Supercenter #7185 22SC-0345-A | Hon. Leslie Abernathy-Maddox State Court of Forsyth County | Paul Menair Leibel Law Folger House 3619 S Chestatee Dahlonega, Ga 30533<br><br>Nicholas E. Deeb, Esq. McLain & Merritt, P.C. Suite 500 3445 Peachtree Road, N.E. Atlanta, Georgia 30326-3240 |

691 John Wesley Dobbs Avenue NE, Suite V-17, Atlanta, Georgia 30312

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**

Judge Leslie Abernathy-Maddox
APR 26, 2022 09:01 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                          )
                                         )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )
                                         )
                                         )   Civil Action No. 22SC-0345-A
WALMART STORE EAST LP,                   )
SUPERCENTER #7185                        )
                                         )
                                         )
                                         )
                                         )   JURY TRIAL DEMANDED
        Defendant.                       )
                                         )

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on this day I have served the opposing party's counsel of record with this NOTICE OF LEAVE OF ABSENCE via Statutory Electronic Service via email to Nicholas E. Deeb at ndeeb@mmatllaw.com and Paul Menair at paul@leibel.com.

DATE: April 26, 2022

Respectfully submitted,

<u>/s/Angelik Edmonds</u>
Angelik Edmonds
Attorney for Solomon Darden
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
691 John Wesley Dobbs Avenue NE
Suite V-17 Atlanta, Georgia 30312
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0345-A**
Judge Leslie Abernathy-Maddox
MAY 01, 2022 10:19 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                                      Civil Action File No.
                                                    22SC-0345-A
            Plaintiff,

v.

WALMART STORE EAST LP,
SUPERCENTER #7185,

            Defendant.
_____/

## CONSENT PROTECTIVE ORDER

By agreement of the parties, and for good cause, the Court finds that a

protective order should be entered pursuant to OCGA § 9-11-26 and § 10-1-761(4)

for the purpose of protecting commercial and confidential information and trade

secrets of Defendant Wal-Mart Stores East, L.P. (hereinafter "Defendant") and of

all other Wal-Mart entities, as well as for the protection of sensitive, confidential,

and protected general and mental health records of Plaintiff (hereinafter "Plaintiff).

"Parties" shall refer to both the Plaintiff and the Defendant in this Action.

1.

This protective order shall apply to documents and to other things marked

"CONFIDENTIAL" by the Parties prior to production in this matter, as well as to

the testimony of the Parties' witnesses and/or corporate representative(s)

concerning same.

Page 1

2.

All such documents, things, and testimony produced by the Parties pursuant to paragraph 1 above shall be used only in the course of the above-captioned proceedings.  All such documents, things, and testimony produced by the Parties pursuant to paragraph 1 shall not be used, or provided for use, in any other litigation or proceedings; and shall not be published (orally, electronically, or by any other means) to any person, except as designated herein.

3.

Any counsel of record in this action may disclose protected materials and information to their employees to whom it is necessary that the material be disclosed for purposes of this litigation. The counsel making such a disclosure must ensure that the individual has read a copy of this Protective Order and agrees to be bound by its provisions.

4.

Before receiving access to any materials or information within the scope of this Order, any person not employed by a party or its counsel shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto.  All parties and their respective counsel who permit access to Protected Documents to such a person shall retain each such executed "Written Assurance" and shall keep a

list identifying all persons described in this paragraph to whom protected documents have been disclosed.

5.

Any party contesting whether or not a document or thing should be marked "CONFIDENTIAL" will notify the opposing party, via its counsel, in writing and specifically identify which document he/she contends should not be marked "CONFIDENTIAL."  The parties then will have seven (7) business days after receipt of the aforementioned notification to resolve the dispute without Court intervention. If the parties are not able to resolve the dispute within seven (7) business days, the party contesting the "CONFIDENTIAL" designation shall submit the document or thing, under seal, to the Court for an in-camera inspection and final decision as to whether or not the document should remain "CONFIDENTIAL."

6.

Each party agrees that before filing with the Clerk of Court any paper (including, without limitation, an affidavit, memorandum, or motion) that discloses, directly or indirectly, all or part of any document or thing described in paragraph 1 above, such paper shall be filed under seal pursuant to the procedures

set forth in Uniform State Court Rule 21.6(D), and labeled "CONFIDENTIAL."

7.

Upon conclusion of this action, counsel for each party who has received documents and materials described in paragraph 1 shall be responsible for ensuring that the original and all copies made are stored in a manner that ensures their continued protection pursuant to this Order, until such time as the original and all copies made have been destroyed or returned to the Party's counsel.

8.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been communicated or disclosed pursuant to this Order or to any other order of this Court.

9.

If any violation of this Order occurs, the parties agree that the party alleging a violation shall notify the offending party and allow a good faith opportunity to resolve the dispute before seeking relief from this Court.  It is understood that if this Court finds that any person has knowingly violated this Protective Order, the

Court may determine the penalties to be paid to the appropriate party, including

any attorneys' fees or expenses associated with the prosecution of said violation,

and any other sanctions that the Court finds appropriate under the circumstances.

SO ORDERED this 28th day of _____April_____, 2021.


_____
Honorable Leslie Abernathy-Maddox
Judge, State Court of Forsyth County



Consented to by:

| | |
|---|---|
| Edmonds Law Office of Civil Rights, LLC | McLain & Merritt, P.C. |
| | |
| /s/ Angelik Edmonds | /s/ Nicholas E. Deeb____ |
| (by express permission NED) | Nicholas E. Deeb |
| Angelik Edmonds | Georgia Bar No. 117025 |
| Georgia Bar No. 650757 | Attorney for Defendant |
| 691 John Wesley Dobbs Avenue NE | 3445 Peachtree Road, N.E. |
| Suite V-17 | Suite 500 |
| Atlanta, GA 30312 | Atlanta, GA 30326-3240 |
| angie@aedmondslaw.com | 404.365.4535 |
| | ndeeb@mmatllaw.com |

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SOLOMON DARDEN,                                           Civil Action File No.
                                                         22SC-0345-A
         Plaintiff,

v.

WALMART STORE EAST LP,
SUPERCENTER #7185,

         Defendant.

_____/

## EXHIBIT "A" -- WRITTEN ASSURANCE

AFFIDAVIT OF _____

(printed name), being duly sworn and personally appearing before the undersigned

attesting officer, duly authorized by law to administer oaths, deposes and says that

the within statements are true and correct:

1.

I have read the Consent Protective Order attached hereto and I understand its

terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the State

Court of Forsyth County, Georgia, in which the above-styled matter is pending,

and binds me to the provisions of the Consent Protective Order, including to all

promises undertaken in the Order, as if originally agreed to by me.

FURTHER AFFIANT SAYETH NOT.

This _____ day of _____, 20_____.


Signature:  _____


_____ County

State of

SUBSCRIBED AND SWORN to before me

this _____ day of _____, 20_____.


_____
NOTARY PUBLIC
My Commission Expires:

2